James Luther **BLACKBURN**, Plaintiff,

v.

**CITY OF COLUMBUS, OHIO, et al.,**
**Defendants.**

Civ. No. 71-353.

United States District Court,
S. D. Ohio, E. D.

April 5, 1973.

Arthur H. Thomas, Jr., Columbus, Ohio, for plaintiff.

James R. Kirk, Columbus, Ohio, for James Hughes, City Atty.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on former defendant City of Columbus'[1] mo-

---

[1]. The City of Columbus was dismissed as a party defendant to this suit under the authority of Krause v. State of Ohio, 31 Ohio St.2d 132, 285 N.E.2d 736 (1972) and Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), by this Court's order of July 25, 1972. The action was allowed to proceed, therefore, only against the defendants Wilson and Hawk, who are police officers and employees of the City of Columbus. It appears that the City of Columbus, through its City Attorney's Office, continued to represent the named defendants under the authority of Section 125.01, Columbus City Code (1959). It does not appear from the record, however, that the named defendants are required to reimburse the City for funds expended on behalf of their legal representation. Nor does it appear that the City, which maintains a well-staffed City Attorney's Office, incurred additional costs by providing this representation. Without necessarily deciding whether the present movant has standing to move before this Court, or whether the City has been disadvantaged by representing the named defendants, we deem this motion to be made solely on behalf and for the benefit of the former defendant City.

tion for an order awarding attorneys' fees filed pursuant to the "terms and conditions" clause of Rule 41(a)(2), Fed. R.Civ.P. This present action was dismissed without prejudice on March 12, 1973, upon plaintiff's motion under said Rule.

■ The Court notes that our order of March 14, 1973, did not specify that voluntary dismissal of this action without prejudice was to be allowed on the condition that the plaintiff bear the cost to the City of providing attorneys for the named defendants. To award these fees at this time would, therefore, raise serious questions, within the meaning of Rule 41(a)(2), Fed.R.Civ.P., as to the true voluntariness of the original dismissal. See Scholl v. Felmont Oil Corporation, 327 F.2d 697 (C.A.6 1963); also see 9 Wright & Miller, Federal Practice and Procedure: Civil § 2366 at 176–177, 183 and cases cited therein. Even if this were not the case, the Court possesses substantial discretion under the Rule in setting the terms and conditions it considers just and proper as prerequisites to a voluntary dismissal. See, Garner v. Missouri-Pacific Lines, 409 F.2d (C.A.6 1969); Smoot v. Fox, 340 F.2d 301 (C.A. 6 1964); id., at 353 F.2d 830 (C.A.6 1965), cert. den., 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966); also see 6 Moore's Federal Practice, ¶¶ 4105[1][3], 41.06 and case cited therein.

■ After carefully reviewing the record, the Court determines that we did not abuse our discretion by failing to condition plaintiff's Rule 41(a)(2) dismissal, without prejudice, on his agreement to pay defendants' attorneys' fees. There is nothing in the record which suggests that plaintiff's suit, which was brought under the provisions of the General Civil Rights Act, 42 U.S.C. § 1981 et seq. was not a *bona fide* effort to seek redress; there is nothing which presently indicates, as suggested in the City's memorandum in support of its motion, that

this suit was brought to harass, embarrass or abuse either the named defendants or the civil process; nor is there any evidence in the record which indicates that the plaintiff deliberately sought to increase the defendants' costs by unduly protracting the litigation. See Even-Cut Abrasive Band & Equipment Corp. v. Cleveland Container Co., 171 F. 2d 873 (C.A.6 1949); Meltzer v. National Airlines Co., 31 F.R.D. 47 (E.D.Pa. 1962).

In the absence of such showings, the Court cannot see why the traditional American rule on attorneys' fees—one which refuses to economically penalize in this fashion the litigant who in good faith files a lawsuit—should not be recognized in the case at bar. See Smoot v. Fox, 353 F.2d 830, 832–833 (C.A.6 1965), cert. den., 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966); Lunn v. United Aircraft Corporation, 26 F.R.D. 12, 17 (D.Del.1960).

■ It is in the relatively few cases in which attorneys' fees are awarded that the American rule differs notably from the one applicable in England. In the mother country of the common law, the prevailing party is customarily awarded attorneys' fees. While this economic disincentive falls equally upon both wealthy and non-wealthy potential plaintiffs, in all likelihood it more effectively reduces the number of lawsuits filed by poor plaintiffs. In the United States no such stigma attaches to the filing of a lawsuit. In fact, the right to have such a lawsuit heard by a jury is specifically guaranteed by the Seventh Amendment to the Constitution and the right of access to the courts is guaranteed by either the equal protection or due process clauses of the Fourteenth Amendment. See and compare Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1961); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971);[2] also see Douglas v. California,

2. Substantial controversy, however, surrounds the question of how far the right

of access to the courts extends to indigent civil litigants in lawsuits not in-

372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). This constitutional recognition of the important function played by the law and the courts in our society tends to undercut the English presumption on the awarding of attorneys' fees. In our country these fees are not ordinarily available in the absence of specific statutory authority, which allows a plaintiff to function *qua* private attorney general, see, for example Clayton Anti-Trust Act, 15 U.S.C. § 15; Watson v. Limbach Company, 333 F.Supp. 754, 760–761 n. 8 (S.D.Ohio E.D.1971); Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k); or where exceptional equitable circumstances exist, see Rolax v. Atlantic Coast Line Railway Co., 186 F.2d 473 (C.A.8 1951); or by an independent action for malicious prosecution, see Sessoms v. Union Savings & Trust Co., 338 F.2d 752 (C.A.6 1964), cert. den., 382 U.S. 821, 86 S.Ct. 49, 15 L.Ed.2d 67 (1965); Skarbinski v. Henry H. Krause Co., 378 F.2d 656 (C.A. 6 1967); Stephenson v. Duriron Co., 292 F.Supp. 66, 81–89 (S.D.Ohio W.D.1968) (per Weinman, C. J.), aff'd on the opinion of the district court, 428 F.2d 387 (C.A.6 1970).

None of these conditions appear in the case now before us. We therefore decline to depart from the rule which requires only that a plaintiff make arrangement to pay his own counsel—either by way of retainer, contingency fee contract, or court appointment—and which does not require that he run the risk, in the usual course of events, of being liable for his opponent's attorneys' fees as well. See Smoot v. Fox, *supra*; also see Webb v. Richardson, 472 F.2d 529 (C.A.6 1972).

■ Of course, nothing herein shall be construed as detracting from our discretionary right to award attorneys' fees in appropriate situations, under Rule 42(a)(2), Fed.R.Civ.P. See American Cyanamid v. McGhee, 317 F.2d 295 (C.A. 5 1963); Eaddy v. Little, 234 F.Supp. 377 (D.S.C.1964). We will not hesitate to award these fees upon timely motion prior to the entry of dismissal, where actual abuse or harassment of the plaintiff has been demonstrated.

Accordingly, on the authorities and for the reasons as set forth above, and under the circumstances as here presented, the motion of the City of Columbus must be, and the same hereby is, denied.

It is so ordered.

---

volving their marital relationships. Compare Griffin v. Illinois, *supra*, and Boddie v. Connecticut, *supra*, with United States v. Kras, 409 U.S. 434, 93 S.Ct.

631, 34 L.Ed.2d 626 (1972) and Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).