**Don M. BREADY**

v.

**Richard GEIST.**

**Civ. A. No. 79–329.**

United States District Court, E. D. Pennsylvania.

Dec. 5, 1979.

Donald M. Bready, pro se.

Edwin F. McCoy, LaBrum & Doak, Philadelphia, Pa., for defendant.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff commenced this action alleging violations of his constitutional rights on January 25, 1979. Since that time discovery has been conducted, an amended complaint was filed, and defendant Douglass Township was dismissed without prejudice. Plaintiff was granted leave to file a second amended complaint if he so desired, but a second amended complaint was not filed. Beginning in the early fall of this year, relations between plaintiff and his attorney began to deteriorate. This deterioration culminated in an Order issued November 20, 1979 permitting plaintiff's counsel to withdraw from the case. The motion to withdraw as counsel was unopposed by defendant or plaintiff. We now consider plaintiff's motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss this action without prejudice. That Rule provides in part that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

Defendants take the position that the instant action should be dismissed with prejudice or, alternatively, that a dismissal without prejudice be conditioned upon plaintiff's payment of $4,295.61 for defendants' attorney's fees and costs. Following a hearing on plaintiff's motion, plaintiff and defendants' counsel entered into discussions in an attempt to agree upon acceptable terms of dismissal. Those discussions, however, did not result in agreement.

The Fifth Circuit has stated that "[w]hen considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. [citation omitted]. Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The only specter of harm raised by defendants is the burden of their costs and attorney's fees. Recognition of defendants' interest in this regard has caused many courts to condition dismissals under Rule 41(a)(2) on payment of defendants' attorney's fees. *See, e. g., Kolman v. Kolman*, 58 F.R.D. 632 (E.D.Pa.1973). Determination of whether to require payment of attorney's fees is, however, committed to the discretion of the court, and a Rule 41(a)(2) motion to dismiss can be granted without requiring such payment. 9 Wright & Miller, *Federal Practice & Procedure* § 2366, at 180 (1971). *See New York, C. & St. L. R. Co. v. Vardaman*, 181 F.2d 769 (8th Cir. 1950); *Blackburn v. City of Columbus*, 60 F.R.D. 197 (S.D.Ohio, 1973).

Defendants' counsel has filed an accounting of defendants' costs and attorney's fees, which total $4,295.61. Plaintiff contends that the time claimed by defense counsel is excessive; he argues that dismissal of this action without prejudice should be conditioned on his payment of a significantly lower sum. Plaintiff specifically agreed to reimburse defendants in the amount of $800.00. We have examined defendants' counsel's affidavit and accompanying accounting. Under the circumstances, we do not believe that the hours claimed by counsel are excessive; nor is the hourly rate unduly high. On the whole, the accounting

accurately reflects the vigorous and competent services counsel have rendered to their clients. It does not necessarily follow, however, that we believe that dismissal of this action must be conditioned on the payment of the entire amount claimed.

■ If plaintiff's suit is dismissed pursuant to Rule 41(a)(2) without prejudice, the possibility exists that plaintiff will never reinstitute suit against these defendants. In view of the difficulty plaintiff has experienced in acquiring new representation, this possibility is particularly strong. In terms of legal liability, the effect of plaintiff's failure to reinstitute suit within the applicable statute of limitations would be the same for defendants as a dismissal with prejudice, to which defendants are willing to agree without the payment of attorney's fees. The prejudice which defendants fear would arise if plaintiff were to reinstitute suit, thereby putting defendants to the expense of preparing for two trials. This potential prejudice would be diminished, however, to the extent that defendants' efforts in this lawsuit prove directly applicable to a second possible suit. A review of the accounting submitted by defendants' counsel convinces us that a portion of the services performed in connection with this lawsuit, for which attorney's fees were incurred, would be of value in the event it proves necessary to defend a second lawsuit. Services in this category include items such as research involving applicable statutory provisions, conversations with potential witnesses, and investigation. Other items, in particular the discovery conducted in this action, would also be beneficial to defendants in a future action. For example, the discovery would be helpful to the extent defendants learned of facts that may support their case. Furthermore, defendants would be spared the expense of conducting duplicate discovery if the discovery in this case could be used in the second suit. The expenses attributable to discovery in defendants' counsel's accounting total at least $934.00. We believe that if this suit is to be dismissed without prejudice, it would be unfair to put defendants to the expense of duplicating this discovery (although, of course, it may be necessary to conduct further discovery if a second suit is filed). This result can be achieved by including as a condition for the dismissal without prejudice the requirement that plaintiff stipulate that defendants may use, for any purpose permitted by the court in which a second action may be brought, the discovery conducted in this action. The terms and conditions that may be imposed upon a dismissal under Rule 41(a)(2) are not limited to payment of costs and attorney's fees. 9 Wright & Miller, *Federal Practice & Procedure* § 2366, at 181 (1971). We believe that this condition is consistent with Rule 41(a)(2)'s purpose of protecting the interest of defendants.

In addition to this condition, we will require as a condition of dismissal that plaintiff reimburse defendants for their costs and attorney's fees in the amount of $800.00. Considering the previous condition discussed and the value the work performed to date will have if defendants are again called to defend a similar suit, we believe this degree of reimbursement is a fair and reasonable accommodation of the interests of the parties.

■ Although defendants have not contested the propriety of dismissal per se, but have limited their arguments to the issue of reimbursement, we have considered the question of the propriety of dismissal under Rule 41(a)(2). We believe dismissal is justified for the following reasons: (1) although extensive discovery has been conducted, this case is not prepared for trial in that the parties have not prepared a joint proposed final pretrial order; (2) plaintiff has been hampered by his inability to acquire new representation; (3) plaintiff has not intentionally delayed the preparation of this action for trial; and (4) nothing in the record suggests that plaintiff has proceeded in bad faith. Therefore, dismissal will be permitted under the terms and conditions discussed above.