(675 P.2d 935)
No. 54,921

Deloris E. Cheek, *Appellant,* v. Wayne E. Hird and Wayne E. Hird, M.D., Chartered, *Appellees.*

Opinion filed February 2, 1984.

*Bryson R. Cloon,* of Cloon & Bennett, of Overland Park, for appellant.

*Alan V. Johnson* and *Myron L. Listrom,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, for appellees.

Before Foth, C.J., Spencer and Parks, JJ.

Parks, J.: Plaintiff Deloris E. Cheek appeals from an order of the trial court overruling her motion for a continuance but granting the alternative motion for dismissal without prejudice. Plaintiff takes exception to the conditions upon which the dismissal was granted.

Plaintiff, who underwent an operation on November 2, 1978, filed a medical malpractice lawsuit against the defendants Wayne E. Hird and Wayne E. Hird, M.D., Chartered, on October 31, 1980. Plaintiff alleged that as a result of the surgical procedure performed by defendant Hird, she sustained permanent and disabling injuries, permanent and enduring pain, suffering, mental and physical anguish, loss of enjoyment and quality of life. Plaintiff also alleged various instances of negligence in addition to a lack of informed consent and battery. Discovery proceeded quite slowly which caused the defendants to turn

twice to the trial court for orders to compel plaintiff to comply with discovery requests.

During the hearing on defendants' second motion to compel discovery held June 18, 1982, plaintiff's counsel for the first time sought leave of the trial court to endorse an unnamed expert witness to support the plaintiff's claim of emotional damage. Defendants' counsel objected to the endorsement for two reasons. First, the plaintiff had not yet supplemented her answers to the interrogatories propounded by the defendants in December of 1980 regarding the expert witnesses which the plaintiff intended to call. Second, due to the proximity of the July 12 trial date, there was insufficient time (1) for the plaintiff to identify her expert and furnish a copy of the expert's report to the defendants; (2) for the defendants to depose the plaintiff's expert; (3) for the defendants to hire their own expert to counter the new evidence; and (4) for the plaintiff to depose the defendants' expert.

The trial court agreed with the defendants' reasoning and denied plaintiff's request for leave to endorse an additional expert witness. Plaintiff's counsel then advised the court and defendants' counsel that he would have to discuss the matter with his client to determine whether a voluntary dismissal would be appropriate in light of the court's ruling that an additional expert witness could not be endorsed.

Plaintiff's counsel was led to believe that the defendants had no objections to the voluntary dismissal and plaintiff intended to refile the lawsuit and list the expert psychologist. Therefore, plaintiff's counsel released his witnesses for the July 12 trial setting. When it was learned that defendants would oppose the dismissal, both parties appeared before the court to determine whether the trial should be continued or the case dismissed without prejudice.

At the July 7 hearing on this matter, defendants orally requested the trial court to impose certain conditions on the dismissal, *i.e.* that the discovery conducted in the first case would constitute the entire discovery in any case refiled and that no additional witnesses could be endorsed. The trial court gave plaintiff's counsel the choice of either going to trial on July 12 or dismissing the case with the conditions requested by the defendants. Plaintiff's counsel replied that he had already released his witnesses and, therefore, had no choice but to dismiss the

case with the conditions requested by the defendants. Plaintiff now appeals the rulings of the trial court.

Plaintiff first contends that the trial court abused its discretion in denying a continuance to allow the endorsement of a psychological expert.

The ruling on a motion for continuance is discretionary with the trial court, and an order denying a motion for continuance will not be disturbed on appeal unless there is a clear showing of an abuse of discretion. An abuse of discretion for failure to grant a continuance exists only when no reasonable man would take the view adopted by the trial court. *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, Syl. ¶ 4, 625 P.2d 1117 (1981).

At the time plaintiff's motion for continuance was made, the trial court had already ruled that no additional expert witnesses could be endorsed. Plaintiff's original pleading included a claim for emotional damage and her deposition testimony indicated that she was experiencing emotional problems as early as May 1980. Thus, it cannot be seriously argued that plaintiff only belatedly discovered that an element of her damages was emotional distress. In seeking the continuance of a case assigned for trial it is incumbent upon the applicant to affirmatively show due diligence with respect to all grounds upon which the continuance is sought. *Fouts v. Armstrong Commercial Laundry Distributing Co.*, 209 Kan. 59, Syl. ¶ 3, 495 P.2d 1390 (1972); *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.*, 3 Kan. App. 2d 77, 82, 589 P.2d 643, *rev. denied* 225 Kan. 844 (1979). No such diligence was shown in this case and no abuse of discretion committed.

Moreover, a trial court need not entertain any motion for a continuance based on the absence of a material witness unless supported by an affidavit. See *Konitz v. Board of County Commissioners*, 180 Kan. 230, 234-35, 303 P.2d 180 (1956). Here, the motion was not supported by an affidavit stating the name of the expert witness, the witness' residence, if known, a statement of the witness' expected testimony, and a statement that the affiant believes it to be true as required by K.S.A. 60-240(c). Having failed to comply with the provisions of K.S.A. 60-240(c), plaintiff is in no position to complain of the refusal to grant a continuance.

We now turn to plaintiff's argument that the trial court abused its discretion in imposing conditions upon her voluntary dis-

missal that prohibited her from conducting further discovery and restricted the endorsement of additional witnesses in any subsequently filed case.

K.S.A. 60-241($a$)(2) was intended to prevent abusive use of voluntary dismissals by requiring a plaintiff who wishes to dismiss his action after an answer or motion for summary judgment has been filed, and in the absence of a stipulation for dismissal, to obtain an order of the court. *Gideon v. Bo-Mar Homes, Inc.,* 205 Kan. 321, 325, 469 P.2d 272 (1970). Whether a dismissal should be granted rests in the sound discretion of the court but unless the defendant will suffer some plain legal prejudice, the dismissal should ordinarily be granted. *Gideon,* 205 Kan. at 326. In order to alleviate any harm to defendant which might result from dismissal, the statute also gives the court discretion to dismiss the action without prejudice "upon such terms and conditions as the judge deems proper."

In deciding whether a dismissal without prejudice should be granted the court must weigh the equities of the case and the rights of the parties bearing in mind the benefits or injuries which may result to the respective sides in the controversy if a dismissal is granted. *Gideon,* 205 Kan. at 327-28. This same discretion must guide the court in shaping conditions upon which a dismissal is permitted. Thus, although a court may award the costs and fees incurred in defending a dismissed action (*Peterson v. Garney Constr. Co.,* 2 Kan. App. 2d 587, 590, 584 P.2d 1269 [1978]), it is not limited to measures which merely protect defendant from immediate financial harm. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 603 (5th Cir. 1976). The practical consequences of dismissal may also be anticipated and defendant protected by conditions which control future discovery (see, *e.g., Bready v. Geist,* 85 F.R.D. 36 [E.D. Pa. 1979]) or preserve the availability of evidence which could be lost in the interim between dismissal and refiling. See, *e.g., Hudson Engineering Company v. Bingham Pump Company,* 298 F. Supp. 387 (S.D. N.Y. 1969).

Undeniably, the court's restriction upon the discovery and witnesses available to plaintiff upon refiling this lawsuit confined the scope of the subsequent action and effectively eliminated all advantages to be gained by plaintiff through dismissal. Since plaintiff had no expert psychological witness endorsed to

testify in the first action, proof of emotional damage in a subsequent case would be limited to whatever damages could be shown through the lay testimony of plaintiff and her husband. Thus, the action of the court was tantamount to the denial of a voluntary dismissal coupled with a continuance of the case. The court justified the harshness of the conditions imposed by observing that to have permitted a dismissal without prejudice upon less stringent terms would have resulted in legal prejudice to defendants. We agree.

Decisions applying Federal Rule of Civil Procedure 41 (a) (2) which are authoritative in interpreting our parallel provision have listed some of the factors justifying denial of dismissal as including defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need for a dismissal, and the fact that a motion for summary judgment has been filed by defendant. *Pace v. Southern Express Company,* 409 F.2d 331, 334 (7th Cir. 1969).

At the time of dismissal, this case had been pending for over one and one-half years—a period of time which was protracted by plaintiff's resistance to defendants' discovery efforts. Interrogatories had been exchanged and depositions taken, and defendants' motion for partial summary judgment accompanied by multiple memoranda from defense counsel had been ruled on by the court. The pretrial order was finalized and trial set for within a few weeks when plaintiff began her efforts to circumvent the court's ruling excluding testimony of an unrevealed witness, the necessity of which was just as obvious from the outset of the case as it was so near to trial. Finally, plaintiff's explanation for failing to secure the services of the psychological expert at an earlier date so that dismissal would have been unnecessary was far from compelling. Plaintiff's counsel had recognized the advisability of such services early in the proceedings, and plaintiff had received medical advice to seek psychiatric counseling. It was plaintiff herself who neglected both legal and medical advice explaining simply, "I haven't got around to it." On the other hand, defendants had invested a great deal of time, money and energy in the completion of this lawsuit and its progress had been advanced to the very edge of trial when dismissal was sought.

Based on these facts, we conclude that it would not have been

an abuse of discretion for the court to have refused to grant dismissal without prejudice. Therefore, the imposition of conditions upon dismissal which effectively duplicate a denial of the relief sought was also within the discretion of the court.

Affirmed.