(701 P.2d 711)
No. 56,846

Roy N. Brown, *Appellant*, v. Lester Zackert, *Appellee*.

Opinion filed June 27, 1985.

*Daniel L. Smith* and *Lloyd Burke Bronston*, of Bronston and Smith, of Overland Park, for appellant.

*Michael G. Norris* and *Bruce E. Moore*, of Niewald, Waldeck, Norris & Brown, of Overland Park, for appellee.

Before Abbott, P.J., Rees and Parks, JJ.

Parks, J.: Plaintiff Roy N. Brown brought this action against defendant Lester Zackert for personal injuries arising out of an automobile collision in Missouri. Defendant filed no counterclaim. Plaintiff filed a motion for voluntary dismissal which the trial court granted without prejudice but upon the condition that plaintiff pay all of the costs and attorney fees incurred by defendant. Plaintiff's motion to modify the order was denied and he appeals.

Although the accident underlying this case took place in Missouri, plaintiff filed his suit in this state presumably because both he and defendant were Kansas residents. The action was originally filed on June 30, 1982, but was dismissed on April 25, 1983, for lack of prosecution. Plaintiff refiled the case on May 23, 1983, and a pretrial conference was held on September 29. Trial was set for January 9, 1984, and plaintiff was to file a completed pretrial order and witness list by December 1, 1983. Plaintiff

failed to meet the December deadline and filed a motion for voluntary dismissal pursuant to K.S.A. 60-241(a)(2) on December 21. Defendant objected to the motion for dismissal arguing that if the court granted dismissal it should do so on the condition that plaintiff pay his costs and expenses. Defendant filed an affidavit stating that he had incurred expenses of $445.65 in deposition costs, $125.50 in obtaining plaintiff's medical records and $4,056.25 in attorney fees in defending the action thus far. The district court granted the dismissal but ordered plaintiff to pay a total of $4,627.40 for defendant's costs.

Plaintiff then filed a motion to modify the court's order. In oral argument on the motion, plaintiff's attorney stated that the dismissal was sought because of a conflict in trial settings and the difficulty of obtaining the attendance of out-of-state witnesses. He indicated his belief that Missouri was the more appropriate forum for this suit and that the action would be refiled in that state. The court denied plaintiff's motion to modify the dismissal order. On appeal, plaintiff does not dispute the propriety of the court's action in requiring him to pay some of defendant's expenses but claims that the court abused its discretion in failing to consider the amount of the costs he could properly be required to pay.

K.S.A. 60-241(a)(2) provides that the district court may grant a voluntary dismissal "upon such terms and conditions as the judge deems proper." Plaintiff contends that the trial court abused its discretion in requiring that he bear, as a condition of dismissal, all of defendant's litigation expenses incurred in the dismissed action because some of those expenditures may have resulted in evidence or work product which may be used in a subsequent action. He argues that the court's failure to separately consider the future utility of defendant's past expenses evidences an abuse of discretion. We agree.

Decisions applying Federal Rule of Civil Procedure 41(a)(2) are authoritative in interpreting our parallel provision. *Cheek v. Hird*, 9 Kan. App. 2d 248, 252, 675 P.2d 935 (1984). In *Bishop v. West American Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982), the court stated that the purpose of Rule 41(a)(2) is to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation. Good faith and diligence exercised by the plaintiff in seeking dismissal will not deprive

the defendant of the right to receive protection from the prejudice or inconvenience he may have sustained. *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C. Cir. 1981). On the other hand, the rule may not be relied upon to provide a windfall to the defendant. In *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982), the court held that the requirement that plaintiff pay defendant's expenses as a condition of dismissal must be limited to those expenses uselessly incurred. The court stated that when a plaintiff seeks dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation. Accord *Kern v. TXO Production Corp.*, 738 F.2d 968, 973 (8th Cir. 1984). In sum, a voluntary dismissal may be conditioned on the payment of defendant's costs and attorney fees but the amount of reimbursement should only include those expenses which will not benefit defendant in pending litigation or litigation to be filed in another forum.

It is the longstanding rule in this jurisdiction that each party to litigation should bear his own costs and expenses absent some specific statutory provision to the contrary. *Newton v. Hornblower, Inc.*, 224 Kan. 506, 525, 582 P.2d 1136 (1978). The portion of K.S.A. 60-241(a)(2) which permits the imposition of conditions upon a dismissal without prejudice is such a specific statutory provision. *Peterson v. Garney Constr. Co.*, 2 Kan. App. 2d 587, 590, 584 P.2d 1269 (1978). However, the authority of that exception is limited to measures which will protect the defendant from any harm which may have resulted from the *dismissal*. *Cheek*, 9 Kan. App. 2d at 251. The actual expenses of any further litigation must still be borne by the party who incurs them, absent any other statutory provision which might vary the rule. Therefore, while the conditions of dismissal are within the discretion of the court, the range of that discretion is confined to terms which relieve the defendant from the potential waste occasioned by the dismissal. Appropriate conditions are not limited to measures which protect defendant from immediate financial harm (*Cheek*, 9 Kan. App. 2d at 251), but neither may they be devised to shift responsibility for litigation expenses unaffected by the dismissal.

Defendant's affidavit of expenditures breaks the expenses down into deposition costs, attorney fees and the expenses of securing medical records. Although defendant concedes the likelihood of further litigation on this matter in Missouri, he contends that the court's order was proper because none of his expenses would relate to this future litigation. While it would seem difficult to conclude that neither the medical records nor the depositions generated evidence which would be of value in subsequent proceedings, this is an issue we need not decide. The district court did not consider whether any of the expenses would have a future use for defendant and we hold that the proper exercise of discretion under K.S.A. 60-241(a)(2) requires that such an inquiry must be made. Therefore, we conclude that the trial court abused its discretion in ordering plaintiff to pay all of defendant's costs and attorney fees without considering whether any of those expenses will benefit defendant in future litigation.

The judgment allowing the requested costs and fees is reversed and the case is remanded so that the order can be modified to exclude any costs or fees which may still be beneficial to defendant.