**STEVEDORING SERVICES OF AMERICA, a Washington corporation; Balfour Guthrie Marine, Ltd. (B.C. Canada); Western Stevedoring Company, Ltd., Plaintiffs–Appellees,**

v.

**ARMILLA INTERNATIONAL B.V.; Armilla International (London) Ltd., Defendants–Appellants,**

and

**Ancora Transport, N.V., Defendant.**

**Nos. 88–15233, 88–15707.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 1989.[*]

Decided Nov. 21, 1989.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

George L. Waddell, Dorr, Cooper & Hays, San Francisco, Cal., for defendants-appellants.

Gordon T. Carey, Jr., Portland, Or., for plaintiffs-appellees.

Before NORRIS, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Armilla International ("Armilla") appeals the order and judgment of the district court granting Stevedoring Services of America's ("SSA") Fed.R.Civ.P. 41(a)(2) motion to voluntarily dismiss without prejudice while denying Armilla's request to condition such dismissal on a requirement that SSA pay Armilla's costs and attorney fees. We affirm.

## FACTS AND PROCEEDINGS

This case arises out of a contract between SSA and Ancora Transport ("Ancora"). When Ancora did not make payments pursuant to the contract, SSA attempted to attach the proceeds of a contract between Patco and Armilla, alleging that Armilla was the alter ego of Ancora. However, SSA was unable to meet its burden of proof on the alter ego issue, and accordingly was not permitted to attach Armilla's assets. Thereafter, SSA moved for voluntary dismissal without prejudice.

Armilla did not oppose dismissal, but requested an order that SSA pay Armilla's costs and attorney fees. The district court granted SSA's motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2) and dismissed the case without prejudice, ordering that the parties bear their own costs and attorney fees. The court explained that Armilla was not entitled to reimbursement for costs and attorney fees because (1) the defense costs incurred by Armilla were not undertaken unnecessarily, as the case involved a substantial preliminary issue of alter ego, (2) SSA pursued the action

in good faith, with a realistic chance of success, (3) the imposition of costs and attorney fees might discourage future plaintiffs from seeking early dismissal of their actions and instead encourage them to take their chances at trial and (4) the imposition of costs and attorney fees would produce an anomalous result if defendants who could not recover costs and attorney fees if they prevailed at trial, which was the likely result in this case, could nonetheless recover costs and attorney fees upon a plaintiff's voluntary dismissal.

Armilla timely appeals the order and judgment of the district court. We have jurisdiction under 28 U.S.C. § 1291.

## ANALYSIS

■ Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time. The rule provides in pertinent part:

Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....

Fed.R.Civ.P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion. *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir.1980).

■ The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987), or unfairly affected by dismissal. *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir.1986); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976).

■ Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R. Civ.P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that

such payment is not required. In *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46 (1st Cir.1981), as in the present case, the defendants-appellants argued that the district court abused its discretion by granting the plaintiff's motion for voluntary dismissal without prejudice while refusing to impose the defendants' costs and attorney fees on the plaintiff. The court stated, "We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant." *Id.* at 51; *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366 (1971); *New York, C. & St. L. R. Co. v. Vardaman,* 181 F.2d 769, 771 (8th Cir. 1950); *Bready v. Geist,* 85 F.R.D. 36, 37 (E.D.Penn.1979); *Blackburn v. City of Columbus, Ohio,* 60 F.R.D. 197, 198 (S.D. Ohio 1973).

We hold that the district court did not automatically abuse its discretion by refusing to require SSA to pay Armilla's costs and attorney fees as a condition precedent to an order granting voluntary dismissal without prejudice under Fed.R. Civ.P. 41(a)(2).

Armilla argues that the district court abused its discretion nonetheless because it relied on what Armilla contends were irrelevant factors in denying Armilla's request for costs and attorney fees. In support of this argument, Armilla points out that other courts have acknowledged the "anomaly" of requiring payment of a defendant's costs and attorney fees upon granting voluntary dismissal despite the circumstance that the defendant could not recover such fees and costs if the defendant prevailed at trial. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366 n. 15 (1971) and cases cited therein. Yet, no court has refused an award of costs and attorney fees under Fed.R.Civ.P. 41(a)(2) on this basis alone. Armilla also argues that a court should not refuse to impose costs and attorney fees based on a policy designed to encourage dismissals.

In the present case, however, the district court considered other factors in denying

Armilla's request for costs and attorney fees. One of these other factors was SSA's good faith in bringing and pursuing the action to the point of dismissal. This circuit has not decided whether or not a plaintiff's good faith should be considered in deciding whether to impose costs and attorney fees as a condition to voluntary dismissal without prejudice. Other courts have reached conflicting conclusions on this question. *Compare Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir.1981) (where the court considered the plaintiffs' good faith) *with GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C.Cir.1981) (where the court held that good faith is irrelevant).

■ We need not decide the good faith question here, however, because the district court's decision denying costs and attorney fees is justified by its consideration of other legitimate factors. The district court explained that SSA had a realistic chance of prevailing on its alter ego theory which was the gravamen of its request for a writ of attachment. The district court commented that the alter ego issue presented a close question which was resolved only after weeks of hearings. When SSA lost on this issue it lost the writ of attachment it had sought. SSA then decided to dismiss the case. Given these circumstances, the district court did not abuse its discretion in refusing to order the payment of Armilla's costs and attorney fees as a condition precedent to SSA's voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2).

AFFIRMED.