No. 64,080

MAYNARD L. PATTERSON, *Appellant*, v. RICHARD W. BROUHARD, *Appellee*.

(792 P.2d 983)

Opinion filed May 25, 1990.

*Judy A. Pope*, of Dickson & Pope, P.A., of Topeka, argued the cause and was on the brief for appellant.

*Craig C. Blumreich*, of Benfer, Bausch & Blumreich, P.A., of Topeka, argued the cause and was on the briefs for appellees.

*Jerry R. Palmer*, of Palmer, Marquardt & Snyder, of Topeka, and *Jeffrey E. King*, of King, Adrian, King & Brown, Chartered, of Salina, appeared on the brief of *amici curiae* Kansas Trial Lawyers Association and Kansas Association of Defense Counsel.

The opinion of the court was delivered by

LOCKETT, J.: Maynard Patterson (plaintiff/appellant) appeals the entry of summary judgment for Richard W. Brouhard (defendant/appellee) in a personal injury action. The district court sustained Brouhard's motion for summary judgment on the theory that Patterson's negligence claim should have been brought as a compulsory cross-claim against Brouhard in the case of *John Hoffer Chrysler Corporation v. Maynard L. Patterson and Richard W. Brouhard,* a limited actions claim filed in Shawnee County. That case had been dismissed with prejudice at the request of plaintiff John Hoffer Chrysler Corporation.

On March 5, 1986, after vehicles driven by Brouhard and Patterson collided in an intersection, one or both of those vehicles collided with a vehicle owned by John Hoffer Chrysler Corporation (Hoffer). On February 5, 1987, Hoffer filed a limited action against Patterson and Brouhard seeking $775.42 for property damage. Both defendants were served, and the action was set on the limited action appearance docket for March 9, 1987. At the docket call, an attorney entered an appearance for defendant Patterson.

Prior to any formal responsive pleading, based on plaintiff Hoffer's motion, the limited action was dismissed by the court with prejudice on April 13, 1987. Judge Thomas Regan signed the journal entry which stated that "no settlement or compromise exists as to any claims the defendants may have against each other or any third party." Prior to the dismissal of the action, no cross-claim had been filed by Patterson in the limited action for damages caused by Brouhard.

On February 18, 1988, Patterson filed this action against Brouhard under the Code of Civil Procedure, K.S.A. 60-101 *et seq.* Brouhard filed an answer on July 25, 1988. Approximately one year later, Brouhard was allowed to amend his answer to assert that Patterson had failed to file a compulsory cross-claim in the prior limited action. On April 5, 1989, Brouhard moved for summary judgment, claiming that Patterson's negligence action was barred as a matter of law because it was not asserted as a cross-claim in the prior limited action. On June 23, 1989, the district judge, relying on *Banister v. Carnes,* 9 Kan. App. 2d 133, 675 P.2d 906 (1983), granted summary judgment for Brouhard. Patterson appeals.

*Banister* was a small claims action where a dentist sued his patient for professional fees. In *Banister*, the trial court entered a default judgment against the former patient when she failed to make an appearance. A year later the patient filed a malpractice action against the dentist. Based on the prior default judgment in small claims court, the dentist moved to dismiss under K.S.A. 61-2705, which provides that defendants in small claims actions "shall file" counterclaims against plaintiffs which arise "out of the same transaction or occurrence." *Banister*, 9 Kan. App. 2d. at 135. The Kansas Court of Appeals affirmed the trial court's entry of summary judgment based on "the language of the statute" which made the counterclaims compulsory. *Banister*, 9 Kan. App at 135. To overcome the harshness of the decision in *Banister*, the 1990 legislature amended 61-2705 by H.B. 2439, so that a counterclaim exceeding the amount allowed in a small claims action may be filed as a counterclaim in the small claims action or brought in a separate action.

Patterson contends the district court's reliance on *Banister* in deciding that the failure to file a compulsory cross-claim in a limited action bars a subsequent suit is misplaced. He argues that the holding in *Banister* is to be narrowly applied only to compulsory counterclaims in small claims actions; therefore, the *Banister* rationale should not be extended to cross-claims in a limited action. We agree with the district court's reasoning that, even though *Banister* involved a small claims counterclaim, the *Banister* rationale also applies to the failure to file a compulsory cross-claim in a limited action; however, we disagree with the district court's grant of summary judgment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 830, 752 P.2d 653 (1988); *Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. 398, 400, 729 P.2d 1214 (1986). When a summary judgment is challenged on appeal, an appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment. *Danes*

*v. St. David's Episcopal Church*, 242 Kan. at 830; *Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. at 401.

The legislature has provided three separate procedures to resolve civil claims, the Small Claims Procedure Act, K.S.A. 61-2701 *et seq.*; the Code of Civil Procedure for Limited Actions, K.S.A. 61-1601 *et seq.*; and the Code of Civil Procedure, 60-101 *et seq.* The Small Claims Procedure Act provides a simple method for recovery of money or personal property where the value does not exceed $1,000. K.S.A. 1989 Supp. 61-2703. The trial of all small claims actions is to the court, and no party to the action is allowed to be represented by an attorney prior to judgment. K.S.A. 1989 Supp. 61-2707. The Code of Civil Procedure for Limited Actions may be used where the amount in controversy or otherwise claimed as damages, excluding cost and interest, does not exceed $5,000. K.S.A. 61-1603. It allows the parties the right to a six-person jury trial, if requested. K.S.A. 61-1716. Certain specific actions are excluded from the jurisdiction of the Code of Civil Procedure for Limited Actions. K.S.A. 61-1603. Any civil action may be brought under the Code of Civil Procedure, K.S.A. 60-101 *et seq.* The legislature stated that each of the acts is to be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding.

Certain provisions of the Code of Civil Procedure are incorporated by statute into both the Small Claims Procedure Act and the Code of Civil Procedure for Limited Actions. The Civil Procedure for Limited Actions adopts by reference certain provisions of article 2 of chapter 60 of the Kansas Statutes Annotated.

The pleadings allowed in a limited action are set forth in K.S.A. 61-1706, which incorporates pleadings set forth in K.S.A. 60-207, *i.e.*, a petition and an answer; a reply to a counterclaim; an answer to a cross-claim, if the answer contains a cross-claim; a third-party petition, if a person who was not an original party is summoned; and a third-party answer, if a third-party petition is served. However, the only pleading required in a limited action is a petition filed by the plaintiff, except that a defendant who seeks affirmative relief by way of setoff or counterclaim, or who asserts an affirmative defense, shall file appropriate pleadings. K.S.A. 61-1706. Because K.S.A. 61-1709 incorporates 60-213(g) into the procedure for limited actions, when the comparative

negligence of the parties to the limited action is an issue, a cross-claim against a co-party is compulsory.

Here, both of the defendants in the limited action had been served with summonses, and their attorneys had entered appearances for their clients. Because they had no setoff, counterclaim, or affirmative defense to the plaintiff's claim, neither defendant was required to file an answer to the plaintiff's petition.

The procedure for a plaintiff to dismiss a limited action is stated in K.S.A. 60-241, which is incorporated into the Code by reference in K.S.A. 61-1725(f). K.S.A. 60-241 states in part:

"(a) *Voluntary dismissal; effect thereof.* (1) *By plaintiff; by stipulation.* Subject to the provisions of subsection (e) of K.S.A. 60-223 and of any statute of the state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Where the dismissal is by stipulation the clerk of the court shall enter an order of dismissal as a matter of course. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) *By order of court.* Except as provided in paragraph (1) of this subsection, an action shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

K.S.A. 60-241 provides the methods by which a plaintiff may dismiss his action. The plaintiff may dismiss the action prior to service of an answer by a defendant or the filing of a motion for summary judgment. If an answer or a motion for summary judgment has been filed, the plaintiff's right to unilaterally dismiss the action has ended and to dismiss the action the plaintiff must obtain permission from all parties or an order of the court.

When the attorneys entered their appearances for Patterson and Brouhard at the limited action docket call, their entries of appearance constituted a general denial of the plaintiff's claim.

To dismiss the action, K.S.A. 60-241(a) required the plaintiff to obtain approval of all the parties or obtain an order of the court allowing the dismissal of the action. The journal entry of dismissal submitted and approved by the court states:

"Now on this 13th day of April, 1987, comes on for hearing the plaintiff's oral motion to dismiss all of his claims and causes of action against the defendants, Maynard Patterson and Richard Brouhard, in the above-captioned matter.

"THEREUPON, counsel for plaintiff advises the Court that the parties have been able to reach an agreeable compromise settlement of all of the known and unknown claims, demands and causes of action that the plaintiff may have against the defendants arising out of an accident on March 3, 1986 in Topeka, Shawnee County, Kansas, as more fully described and set forth in the plaintiff's Petition. Counsel for plaintiff further advises the Court that since the parties have now been able to reach a full and complete compromise settlement, limited to the property damage, no settlement or compromise exists as to any claims the defendants may have against each other or any third party. Plaintiff's claims and causes of action against the defendants in the above-captioned matter should be dismissed with prejudice.

"After hearing the statements of counsel and being advised of the law and the premises surrounding the matter the Court finds and orders that the plaintiff's motion should be and is hereby sustained and that all of the plaintiff's claims and causes of action against the defendants in the above-captioned action are dismissed with prejudice. The costs of this action are assessed to the plaintiff.

"IT IS SO ORDERED.

/s/ _____
HONORABLE THOMAS W. REGAN"

Hoffer, under K.S.A. 60-241(a)(2), had the action dismissed by order of the judge, upon such terms and conditions the judge deemed proper.

Whether a dismissal should be granted rests in the sound discretion of the court, but, unless the defendant will suffer some plain legal prejudice, the dismissal should ordinarily be granted. *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, 326, 469 P.2d 272 (1970). In order to alleviate any harm to defendant which might result from dismissal, the statute also gives the court discretion to dismiss the action without prejudice "upon such terms and condition as the judge deems proper." *Cheek v. Hird*, 9 Kan. App. 2d 248, 251, 675 P.2d 935 (1984).

Patterson claims that because the journal entry in the limited action stated that "no settlement exists as to any claims the de-

fendants may have against each other or any third party," the district judge clearly intended to preserve Patterson's cause of action against Brouhard. Patterson then concludes that the dismissal of the limited action without a judicial determination of comparative fault and Judge Regan's language in the order dismissing that action allowed him to file his claim against Brouhard in the second action. On the other hand, Brouhard characterizes the journal entry as an ex parte order which, if allowed, would permit Patterson to defeat the statutory requirement to litigate all claims in one lawsuit. Under the facts of this case, we disagree with Brouhard's characterization of the judge's order and conclusions of the legislature's intent.

The legislature, by adopting K.S.A. 60-258a, imposed individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even where one or more parties cannot be joined formally as a litigant or held legally responsible for his or her proportionate fault. It was also the intent of the legislature to fully and finally litigate in a single action all causes of actions and claims for damages arising out of any act of negligence. It is the public policy of this state that all parties are entitled to a just, speedy, and inexpensive determination of every action or proceeding. Neither the legislature nor this court ever intended to place form over substance and preclude an injured party from proceeding against a tortfeasor when there had been no judicial determination of comparative fault. *Mathis v. TG&Y*, 242 Kan 789, 751 P.2d 136 (1988).

A motion for voluntary dismissal by order of the court is addressed to the sound discretion of the court, with relief to be awarded consistent with justice and equity, and the decision is to be in accordance with what is the fairest result and causes the least hardship to the other parties. When a plaintiff moves for dismissal of an action, the court must consider whether the dismissal would be conducive to the fair administration of justice; whether undue expense, inconvenience, or prejudicial consequences to defendants would be involved; and whether reasonable terms and conditions are just to the rights of the defendants. Dismissal of a plaintiff's action should be allowed even where the defendant suffers the prospect of a second lawsuit. It is no bar

to the dismissal even if the plaintiff may obtain some tactical advantage by such dismissal, or that the defendant may lose the defense, a period of limitation, or suffer a second lawsuit. *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. at 326.

The terms and conditions which the district court may impose upon dismissal of an action at the instance of the plaintiff are for the protection of the substantive rights of the defendants. The district court must weigh all the equities of the case, including the rights of the parties and how they will be affected, and what benefits or injuries may result to the respective sides in the controversy if a dismissal is granted. Upon review by an appellate court, the inquiry whether the district court abused its discretion in granting the plaintiff's motion to dismiss his action against the defendants with prejudice and preserving any claim existing between the other parties to the lawsuit is confined to whether the situation and circumstances clearly show an abuse of discretion, *i.e.*, an arbitrary action that failed to apply the appropriate equitable and legal principles under the facts and circumstances of the case.

After reviewing the record, we find that the district court's prior dismissal of the limited action without prejudice to the rights of the defendants was not an abuse of judicial discretion; therefore, the district court's granting of summary judgment in this action because of the prior dismissal must be reversed.

Reversed and remanded for further proceedings.