(869 P.2d 752)
No. 69,739

KENNETH HARTON, *Appellant*, v. O. D. SPERRY, an individual, and DONNA WHITEMAN, Secretary of the Department of Social and Rehabilitation Services, *Appellees*.

Petition for review denied 254 Kan. 1007 (1994).

Opinion filed November 24, 1993.

*Brad E. Avery*, of Topeka, for appellant.

*Kenneth R. Smith*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellees.

Before LARSON, P.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: Kenneth Harton appeals the trial court's grant of summary judgment in this 42 U.S.C. § 1983 (1988) action. Harton and Herbert Hickman sued O.D. Sperry, their appointing authority, and the former and present secretaries of the Kansas Department of Social and Rehabilitation Services (SRS) after their classified positions were reallocated following a departmental reorganization. As a result of the reallocation, their salaries and retirement benefits were lowered.

We affirm.

There is some indication in the record that Harton knew of the impending reorganization for several months prior to receiving

his official notice. Sperry, as area director, sent the following letter to Harton:

"This is to serve as official notice that your position is being reallocated to Income Maintenance Worker IV, Range 24, Step O, with a salary of $3,120.00, effective 11-18-90. Your duty station will be located in the Pittsburg SRS Office. The reallocation is a result of the Chanute Area reorganization in accordance with Kansas Personnel Regulation 1-4-8."

In granting defendants summary judgment, the trial court ruled:

1. Aside from Harton's claim that the reorganization did not comply with Art. 1, § 6 of the Kansas Constitution, there was no factual allegation that the reorganization was otherwise unlawful or pretextual.

2. Art. 1, § 6 of the Constitution is not the exclusive mechanism for reorganizing a state department since K.S.A. 75-5316 gives the secretary of SRS power to organize the department "in the manner he or she deems most efficient."

3. The change in Harton's salary position was a result of a reallocation pursuant to K.A.R. 1-4-8 and was not a demotion. Accordingly, Harton received all the notice to which he was entitled.

On appeal, Harton does not argue the matter was not ripe for summary adjudication, acknowledging the basic facts are undisputed. See *Patterson v. Brouhard*, 246 Kan. 700, 702-03, 792 P.2d 983 (1990).

Harton first contends the trial court erred in determining Art. 1, § 6 of the Constitution did not control the departmental reorganization by SRS. We disagree.

The constitutional language provides:

"(a) For the purpose of transferring, abolishing, consolidating or coordinating the whole or any part of any state agency, or the functions thereof, within the executive branch of state government, when the governor considers the same necessary for efficient administration, he [or she] *may issue one or more executive reorganization orders,* each bearing an identifying number, and transmit the same to the legislature within the first thirty calendar days of any regular session. Agencies and functions of the legislative and judicial branches, and constitutionally delegated functions of state officers and state boards shall be exempt from executive reorganization orders.

. . . .

"(c) Each executive reorganization order transmitted to the legislature . . . shall take effect and have the force of general law on . . . unless within sixty calendar days and before the adjournment of the legislative session either the senate or the house of representatives adopts by a majority vote of the members elected thereto a resolution disapproving such executive reorganization order." (Emphasis added.)

The purpose of this provision is to give the governor the ability to guarantee efficiency in his or her administration by initiating needed changes in an executive department by executive order. See *Report of the Citizens' Committee on Constitutional Revision*, Feb. 1969.

On the other hand, K.S.A. 75-5316, enacted one year after Art. 1, § 6 was adopted, provides: "The secretary of social and rehabilitation services may organize the department of social and rehabilitation services in the manner he or she deems most efficient, so long as the same is not in conflict with law."

Clearly, the legislature was aware of the governor's powers under Art. 1, § 6, but chose to also provide the secretary of SRS the power to organize his or her department in a manner deemed most efficient. Neither power is exclusive, both grants of power being permissive.

As a result, both powers may co-exist. The reorganization of the Chanute area in the present case was a planned event with area offices assisting in planning the reorganization. The record shows the purpose of the reorganization was to gain efficiency as contemplated by K.S.A. 75-5316.

In addition, Harton has not alleged the actions were "otherwise unreasonable, arbitrary or capricious." K.S.A. 77-621(c)(8). There is simply nothing in the record to indicate the department's actions were unlawful. The burden is on Harton to establish the invalidity of the department's action. K.S.A. 77-621; *Mulford v. Kansas Dept. of Human Resources*, 14 Kan. App. 2d 386, 391, 790 P.2d 975, *rev. denied* 246 Kan. 768 (1990).

The trial court's ruling on this issue was correct.

Harton next argues the trial court erred in determining his due process rights were not violated. Specifically, Harton contends he should have been afforded the protections of K.S.A. 75-2949(b) and (d).

The question can be simply stated: If Harton were in fact demoted, he was entitled to the specific protections of K.S.A. 75-2949, which were not provided. If, on the other hand, Harton were subjected to a reallocation rather than a demotion, he was given all the process to which he was due. Compare K.A.R. 1-2-31; 1-2-69; 1-2-5; 1-2-7; and 1-4-7.

In the present case, Harton was not demoted. A civil service employee may be demoted only for deficiencies in work performance or for personal conduct detrimental to state service. K.S.A. 75-2949d; K.S.A. 75-2949e.

As we read the record, no one contends Harton's position was changed due to his performance or personal conduct. In fact, Harton states in his petition his position was changed because of the reorganization.

Harton was notified in writing of the reason for the change in position; on reallocation, that is all that is required. See K.A.R. 1-4-7.

Further, there is sufficient evidence in the record to support the trial court's finding that if Harton felt the departmental action were an unlawful demotion, he could have appealed to the civil service board. Harton had been an SRS employee for 23 years and was in a supervisory position. He admitted he was aware an appeals process existed, yet his only action was to write to the secretary a year after the announced reallocation and then file this lawsuit.

The trial court did not err on this issue.

Finally, Harton claims the trial court erred in placing the burden on him to show the reorganization was improper. Specifically, Harton complains of the following language in the trial court's memorandum decision:

"Although the record is somewhat sparse as to the procedure followed for this reorganization initiated and accomplished by the Department of Social and Rehabilitation Services, nevertheless, the burden would be on plaintiffs upon this motion for summary judgment to advance the procedures, mechanics, and purposes thought defective or ill performed to effect such reorganization in face of a motion for summary judgment as discovery has been had. (See, *Crooks v. Greene*, 12 Kan. App. 2d 62 (1987))."

Harton contends the burden was on defendants to show he would have been demoted even if the predetermination proce-

dures of K.S.A. 75-2949 had been followed, citing *Derstein v. Benson*, 714 F. Supp. 482, 498 (D. Kan. 1989), *rev'd* 915 F.2d 1410 (10th Cir. 1990), *cert. denied* 499 U.S. 937 (1991).

The problem with Harton's argument is that, as stated above, Harton was simply not demoted. And once defendants filed their motion for summary judgment, Harton had an affirmative duty to come forward with disputed facts in support of his claim. *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 306-07, 756 P.2d 416 (1988).

Affirmed.