No. 45,641

GLENN GIDEON and WILMETTA GIDEON, *Appellants*, v. BO-MAR HOMES, INC., ALLIED BUILDING CREDITS and ALLIED CONCORD FINANCIAL CORPORATION, *Appellees*.

(469 P. 2d 272)

Opinion filed May 9, 1970.

*Marvin E. Thompson,* of Thompson, Holland & Arthur, of Russell, argued the cause, and *Clifford R. Holland, Jr.* and *Mark Arthur, Jr.,* were with him on the brief for the appellants.

*Richard M. Driscoll,* of Driscoll & Driscoll, of Russell, argued the cause, and *Jerry E. Driscoll, Herbert N. Holland* and *Michael S. Holland,* of Russell, and *H. Lee Turner* and *J. Eugene Balloun,* of Turner and Balloun, and *Max E. Eberhart,* of Great Bend, were with him on the brief for appellees.

The opinion of the court was delivered by

FATZER, J.: The crux of this appeal is whether the district court abused its judicial discretion in denying the appellants' motion for an order of dismissal of their action without prejudice pursuant to K. S. A. 60-241 (*a*) (2). The parties concede that if the supreme court concludes the district court abused its discretion in denying the appellants' motion, it compounded its error by sustaining the appellees' oral motions for summary judgment against the appellants.

The appellants, Glenn Gideon and Wilmetta Gideon, are referred to as plaintiffs. Bo-Mar Homes, Inc., is referred to as Bo-Mar or defendant, and Allied Building Credits and Allied Concord Financial Corporation, being one and the same corporate entity, are referred to as Allied Building or defendant.

The plaintiffs commenced this action January 30, 1968, seeking relief from usurious interest and to recover statutory penalties and for attorney's fee pursuant to K. S. A. 16-202 and 16-507. Their petition is summarized.

On February 24, 1964, plaintiffs entered into a written contract with Bo-Mar to purchase a lot and a premanufactured house in Russell, for the "Cash Sale Price" of $7,000, and "Finance Charge" of $5,600. On that date, they executed their promissory note to Bo-Mar in the sum of $12,600, which provided for payment in 120 consecutive monthly installments at $105 per month. They alleged that under the contract they were paying 8 percent add-on interest which was omitted from the face of the promissory note.

On April 17, 1964, plaintiffs executed and delivered to Bo-Mar

a mortgage upon the house and lot to secure payment of their promissory note of February 24, 1964, in the total sum of $12,600, which note, mortgage and contract were assigned to Allied Building on that date. The contract, promissory note and mortgage were attached to the pleadings and made a part of the record.

The plaintiffs alleged they had performed each and every obligation under the contract and promissory note, and were not in default thereon. They further alleged the promissory note was usurious under K. S. A. 16-202 (a) and that pursuant to subsection (c) defendants were required to forfeit all interest and charges so contracted in excess of the amount of interest authorized by law, and in addition thereto, were required to forfeit a sum of money, to be deducted from the amount due for principal and lawful interest or charges, equal to the amount of interest or charges contracted for in excess of the amount authorized by law, and that plaintiffs should recover a reasonable attorney's fee.

On February 21, 1968, Bo-Mar answered and admitted the plaintiffs purchased the premanufactured home which was constructed on the real estate described. It denied the promissory note was usurious, and alleged the contract, promissory note, and mortgage were assigned without recourse to Allied Building on April 17, 1964.

On September 24, 1968, Allied Building answered and made a cross-claim against Bo-Mar. It admitted the premanufactured home was constructed on the real estate described, and alleged the plaintiffs' petition failed to state a cause of action in favor of the plaintiffs and against Allied Building; that plaintiffs were barred by laches from recovering any amount from it for the reason plaintiffs' cause of action, if any, was barred by K. S. A. 60-514 (3) and K. S. A. 60-513, and each subsection thereof, and plaintiffs were estopped from claiming Allied Building was indebted to them in any amount, or on any legal theory, and that it was entitled to summary judgment.

For its cross-claim against Bo-Mar, Allied Building alleged that if the court found the promissory note and mortgage to be usurious, then, and in that event, it adopted the allegations of its answer so far as the same were applicable for its cross complaint, and alleged it was entitled to judgment against Bo-Mar for $12,600 with interest at 6 percent, and for such other relief as it may be justly entitled, together with costs of the action.

Prior to the filing of Allied Building's answer alleging the plaintiffs' cause of action was barred by the statute of limitations, the plaintiffs had submitted limited interrogatories to Bo-Mar, which were duly answered.

On October 14, 1968, the plaintiffs filed their motion for an order of dismissal without prejudice, and alleged they conclude the statute of limitations does not bar the further prosecution of their action; that K. S. A. 60-213 (d) permits the plaintiffs to set up the barred cause of action as a counterclaim in the event the now defendants should file an action for affirmative relief against the now plaintiffs upon the instruments here involved, and that pursuant to K. S. A. 60-241 (a) (2), they desired an order of the court dismissing their action without prejudice in order that their cause of action may be saved as a possible counterclaim against the now defendants in future litigation over matters and issues involved.

On November 12, 1968, the plaintiffs presented their motion for an order to dismiss their action without prejudice. Both defendants appeared and objected thereto. Following argument of counsel, the district court denied the plaintiffs' motion. Thereupon, both defendants orally moved the court instanter for summary judgment, which the court sustained, and it entered summary judgment in favor of the defendants and against the plaintiffs, and taxed the cost of the action to the plaintiffs. This appeal followed.

The effect of the district court's denial of the plaintiffs' motion for an order of dismissal without prejudice was to leave them immediately vulnerable to a motion for summary judgment. That motion, when forthcoming and when sustained by the district court, was in effect an adjudication on the merits of the controversy and made any future assertion of the plaintiffs' claim, either directly or as a counterclaim under K. S. A. 60-213 (d) res judicata. (Brown v. Kirkbride, 19 Kan. 588; Hyatt v. Challiss, 59 Kan. 422, 53 Pac. 467; Hargis v. Robinson, 70 Kan. 589, 79 Pac. 119; Holderman v. Hood, 78 Kan. 46, 96 Pac. 71; Shelley v. Sentinel Life Ins. Co., 146 Kan. 227, 69 P. 2d 737; Stimec v. Verderber, 152 Kan. 582, 106 P. 2d 708.)

K. S. A. 60-241 came into existence with the adoption of the Kansas Code of Civil Procedure in 1964. The pertinent portion of the statute reads:

"(a) Voluntary dismissal; effect thereof. (1) By plaintiff; by stipulation. Subject to the provisions of section 60-223 (c), and of any statute of the state,

an action may be dismissed by the plaintiff without order of the court (*i*) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . . (*ii*) . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) *By order of court.* Except as provided in paragraph (1) of this subsection of this section, an action shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper. If a counter-claim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice . . ."

The statute was tailored from and is substantially the same as Federal Rule No. 41 except for the addition of the last sentence to subsection (*a*) (2), omitted from the quote above. Because of that relationship, decisions applying and interpreting the federal rule are persuasive and would appear to have more than usual weight as authority.

The adoption of 60-241 (*a*) (2) was thought necessary and desirable to prevent abusive use of the dismissal of actions by plaintiffs as exhibited in *Pugsley v. Railway Co.,* 69 Kan. 599, 77 Pac. 579; *McKinley v. Shull,* 112 Kan. 837, 838, 212 Pac. 898, and in cases cited in 5 Moore F. P. 2d Ed., Ch. 41. See, also, *Buckley v. Buckley,* 186 Kan. 365, 350 P. 2d 44.

The purport of the statute is to require that after an answer or a motion for summary judgment has been served, if there is no stipulation for dismissal, a plaintiff who wishes to dismiss his action must secure an order of the court. Such an order is obtained by motion and the matter of the allowance of the motion is then within the sound discretion of the judge whose order is reviewable only for abuse of discretion. (*Moore v. C. R. Anthony Co.,* 198 F. 2d 607 [1952, C. A. 10th Circuit]; 2B Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Sec. 912, pp. 110, 111.) The discretion of the court is a judicial, not an arbitrary, discretion. The sense in which the term is commonly used is defined in 1 Bouvier's Law Dictionary, Rawle's 3d Ed., p. 884, as "[t]he power exercised by courts to determine questions to which no strict rule of law is

applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court."

If necessary a hearing should be had, and the court should endeavor to secure substantial justice to both parties. In exercising its discretion, the court should follow the traditional principle that dismissal be allowed unless the defendant will suffer some plain legal prejudice other than mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby (2B Barron and Holtzoff, *op. cit., supra,* pp. 114, 117), or that the defendant may lose the defense of a period of limitation. (21 A. L. R. 2d, pp. 628, 629, Anno: Voluntary Dismissal-Conditions.)

Upon appellate review by this court, the inquiry is confined to whether the situation and the circumstances clearly show an abuse of discretion, that is, arbitrary action by failure of the district court to apply the appropriate equitable and legal principles to the established or conceded facts and circumstances. (*Home Owners' Loan Corporation v. Huffman,* 134 F. 2d 314.)

We have noted the result of the district court's action upon the plaintiffs, and the effect upon the defendants should now be considered. Would the defendants lose any substantial right by an order of dismissal?

It is clear that, as a practical matter, the defendants could not properly be sued again by the plaintiffs on the same cause of action, because of the bar of the statute of limitations. Any subsequent litigation would therefore have to be initiated by the present defendants upon the contracts involved. The record discloses that no other interests intervened by means of third party proceedings, nor was a counterclaim advanced by either defendant against the plaintiffs. The record further discloses that a pretrial conference had not been had, and only twenty days elapsed after the case was fully at issue before the plaintiffs filed their motion for dismissal without prejudice. It is true that one set of interrogatories had been served upon Bo-Mar and it made written answers thereto before the answer time of Allied Building had expired. Thus, the case was not at issue at the time Bo-Mar filed its answers to the plaintiffs' interrogatories, and it cannot be said that Bo-Mar suffered any plain legal prejudice by reason of the proceedings having reached an advanced stage. As to Allied Building, no discovery was had upon it and at the time the plaintiffs' motion for dismissal without

prejudice was filed, the case was barely at issue. While it alleged a cross-claim against its co-defendant Bo-Mar (K. S. A. 60-213 [g]), the dismissal of the plaintiffs' action would not preclude it from alleging the same facts and circumstances against, and seeking the same relief from, Bo-Mar in a subsequent action against the plaintiffs upon the promissory note and to foreclose the mortgage.

It is true the plaintiffs would have obtained what may be denominated as a tactical advantage in that they could assert their alleged claims against the defendants by counterclaim in a subsequent action commenced by the defendants without being subjected to the statute of limitations. But, as indicated, the authorities are consistent that the loss of a defense of a period of limitation does not subject a defendant to legal prejudice. (*Bolten v. General Motors Corporation,* [1950, CA 7th Ill.] 180 F. 2d 379, 21 A. L. R. 2d 623, cert. den. 340 U. S. 813, 95 L. Ed. 598, 71 S. Ct. 41; *Klar v. Firestone Tire & Rubber Co.,* 14 F. R. D. 176.) Moreover, the authorities are agreed that the gain of a tactical advantage of whatever nature is not legal prejudice.

Perhaps it is true as urged by the defendants that they have been subjected to some prejudice or at least feel and anticipate some prejudice, but before the plaintiffs' motion could be denied by the district court, the defendants must be shown to be subjected to legal prejudice by the allowance of the plaintiffs' motion. (*Meltzer v. National Airlines, Inc.* [1962] 31 F. R. D. 47.) In *Meltzer* it was said, "[i]t goes without saying that when a defendant resists a plaintiff's motion to dismiss, he anticipates some kind of prejudice," and that, "[i]t has already been decided that the inconvenience or anticipated prejudice to defendant does not warrant denial of plaintiffs' withdrawal." (pp. 49, 51.)

Turning to the equities in the case, it was said in *Lunn v. United Aircraft Corporation,* 26 F. R. O. 12 (1960), that the terms and conditions which the court may impose are for the protection of the rights of the defendant, but a refusal to consider any equities of the plaintiff is a denial of a full and complete exercise of judicial discretion, and that,

"Summarizing, therefore . . . the voluntary motion to dismiss by the plaintiff under Rule 41 (a) (2), after answer, is within the sound judicial discretion of the Court after weighing all the equities of the case." (p. 18.)

It is incumbent upon courts to consider the rights of the parties and how they will be affected, and what benefits or injuries may re-

sult to the respective sides in the controversy if a dismissal is granted. In the instant case, if only the equities of the defendants are to be considered, the facts and the authorities cited conclusively show they would suffer no plain "legal prejudice." If the equities of both sides to the litigation are weighed, again there can be no doubt but that the plaintiffs were deprived of valuable rights by the district court which outweighed whatever minor prejudices the defendants might incur, if any.

It is clear that unless the district court's judgment is reversed, the plaintiffs will be prevented from using statutes of this state prohibiting usury as a defense and counterclaim to an action which may subsequently be brought by the now defendants upon the alleged usurious contracts, and because of that judgment the plaintiffs will be unable to utilize a statute which was intended to permit legitimate counterclaims to be advanced without regard to the statute of limitations.

We conclude the defendants would suffer no cognizable "legal prejudice" had the district court sustained the plaintiffs' motion for an order of dismissal without prejudice, and that it abused its discretion in not so ruling. It follows that the order granting the defendants' motions for summary judgment was error as a part of, and a consequence arising from, the district court's prior error in denying the plaintiffs' motion for an order of dismissal without prejudice, and that summary judgment is reversed. The cause is remanded with directions that the district court vacate the judgment heretofore entered and enter an order permitting the plaintiffs to dismiss their action without prejudice "upon such terms and conditions as the judge deems proper."

It is so ordered.