Emma **GREENLEE**, Plaintiff-Appellee,

v.

**GOODYEAR TIRE AND RUBBER COMPANY,** Defendant-Appellant.

No. 76–1970.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 25, 1978.

Decided March 21, 1978.

Jim Lawing of Jim Lawing & Associates, P. A., Wichita, Kan., for plaintiff-appellee.

J. Stephen Nyswonger, Garden City, Kan. (Lelyn J. Braun, Garden City, Kan., on the brief), of Braun & Nyswonger, Garden City, Kan., for defendant-appellant.

Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This appeal arises out of an action brought by Ed Greenlee against the Goodyear Tire & Rubber Company because of an injury suffered when a tire manufactured by Goodyear exploded while Greenlee, a service station operator, was repairing it. Greenlee died after trial and before judgment was entered, and his widow Emma Greenlee is the substituted plaintiff, as his personal representative. The jurisdiction of the Court is based upon diversity of citizenship.

The only issues upon appeal are whether the doctrine of res judicata, or the statute of limitations, applies to bar recovery by plaintiff Greenlee, and, if not, whether the trial judge erred in ordering only a $1,000 reduction in the judgment entered against Goodyear because of Ed Greenlee's death.

The essential facts are undisputed. The injury occurred February 6, 1970. Greenlee commenced his lawsuit first in the state district court in Scott County, Kansas, on February 5, 1972. Thereafter the matter proceeded toward trial. But a few days before the trial was to commence plaintiff's attorney notified the defendant's lawyer and the judge that he intended to dismiss the action. The reason given apparently was that an expert witness plaintiff intended to utilize was not available to attend the trial. Plaintiff's counsel prepared, and defendant's attorney approved, a journal entry of dismissal entered by the state court judge in the following form:

On this 26th day of February, 1973, the above entitled matter comes before the Court on the motion of the plaintiff to dismiss. Plaintiff appears by and through Jim Lawing, his counsel of record, and the defendant appears by and through Lelyn Braun, its counsel.

The Court finds that the motion of the plaintiff should be sustained.

THEREFORE, this case is dismissed, plaintiff is to pay costs.

Thereafter on July 16, 1973, within six months of the journal entry, plaintiff commenced a new suit in the Federal District Court for the District of Kansas upon the same cause of action. Goodyear's motion that the action was barred by res judicata or by the running of the applicable statute of limitations, was denied by the Court.

The case was tried to Judge Frank G. Theis, without a jury, on September 23, 1975. Judge Theis entered judgment on March 4, 1976, in favor of plaintiff Greenlee for $27,340.15. Greenlee had died November 3, 1975, between the date of trial and the date of entry of the judgment, from a cause unrelated to this case. This death was not brought to the attention of the Court until defendant Goodyear sought a reduction in the amount of the judgment for loss of earnings and profits beyond the time of Greenlee's death.

On the motion for reduction the Court ruled that recovery should be limited to damages suffered prior to death. The judgment had given special damages of $2,340.15 plus $25,000.00 for "physical injuries sustained, including permanent disabili-

ty and pain, suffering, mental anguish and disfigurement." In considering the reduction request the Court noted that the injuries occurred five and one-half years before the case came to trial, that "[t]he physical pain, the mental anguish, the enforced hospitalization, and attendant disabilities experienced by Greenlee in the year following the accident comprised the overwhelming bulk of damages found by the Court." It said that permanent injuries contributed insignificantly to the award and modified the judgment originally entered by reducing it by $1,000.00 to $26,340.15.

■ Goodyear's appeal challenges the trial court's ruling upon the *res judicata* —statute of limitations motion.

The controlling law is that of Kansas. K.S.A. 60–513 provides a two year statute of limitations in this type of action. K.S.A. 60–518 provides:

If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

Since the original action in state court was commenced in time, and the federal court suit was initiated within six months of the journal entry of dismissal in the state court, the crucial question is whether the plaintiff failed in the state court "otherwise than upon the merits." *I. e.*, was the dismissal with or without prejudice?

K.S.A. 60–241, as relevant, states:

(a) *Voluntary dismissal; effect thereof.*
(1) *By plaintiff; by stipulation.* . . . an action may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Where the dismissal is by stipulation the clerk of the court shall enter an order of dismissal as a matter of course. *Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice*, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) *By order of [the] court.* Except as provided in paragraph (1) of this subsection of this section, an action shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper. . . . *Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.* . . . [Emphasis supplied.]

K.S.A. 60–241(b) treats involuntary dismissal upon motion of the defendant.

Since the action was dismissed upon motion of the plaintiff, and the notice of dismissal, approved and signed by defendant's counsel, does not state that it is with prejudice, then the plain wording of the statute, K.S.A. 60–241(a)(1)(ii), would seem to require a holding that the dismissal is without prejudice, and not upon the merits of the case.

Defendant's claim that the dismissal should be found to have been with prejudice, on the merits of the case, is based upon the alleged fact that plaintiff was faced with an immediate trial date, without an expert witness, under circumstances where he would surely have lost.

The place to argue the question of whether the dismissal was upon the merits was in the state trial court when the plaintiff's proposed journal entry was filed, not by collateral attack in the federal court. K.S.A. 60–241(a)(2) was put in the law specifically to permit defendants to have the Court rule upon that question. And it is by no means clear that defendant would have prevailed had it asked for such a ruling. *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, 325–26, 469 P.2d 272, 276 (1970) treats dismissal under K.S.A. 60–241(a)(2) as follows:

The adoption of 60–241(a)(2) was thought necessary and desirable to pre-

vent abusive use of the dismissal of actions by plaintiffs . . .

The purport of the statute is to require that after an answer or a motion for summary judgment has been served, if there is no stipulation for dismissal, a plaintiff who wishes to dismiss his action must secure an order of the court. Such an order is obtained by motion and the matter of the allowance of the motion is then within the sound discretion of the judge whose order is reviewable only for abuse of discretion. . . .

The discretion of the court is a judicial, not an arbitrary, discretion. . . .

If necessary a hearing should be had, and the court should endeavor to secure substantial justice to both parties. *In exercising its discretion, the court should follow the traditional principle that dismissal be allowed unless the defendant will suffer some plain legal prejudice other than mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby* (2B Barron and Holtzoff, *op. cit., supra*, pp. 114, 117), *or that the defendant may lose the defense of a period of limitation.* . . . [Emphasis supplied.]

In the absence of contrary language in the Court's order the plain wording of the statute requires us to sustain the finding that the dismissal was without prejudice, and that the federal court action was commenced in time and not subject to the defense of *res judicata*.

■ Appellant Goodyear also claims that the trial judge erred in not reducing the judgment by a greater amount following notification of Greenlee's death. The Court reduced the award by $1,000, but Goodyear maintains that this fails to adequately reflect the amount of future pain and suffering, lost earnings and disability that was included in the initial award. There was no jury in this case; Judge Theis was the trier of the facts. He recognized the principle announced in *Flowers v. Marshall*, 208 Kan. 900, 494 P.2d 1184 (1972) that there should be no recovery for loss of earnings or earning capacity beyond the time of death. His

order upon Goodyear's motion to reduce the recovery reviewed the damages, his basis for the award, and articulated his reasons for not reducing the award further. Under the clearly erroneous test of Fed.R.Civ.P. 52(a) we certainly must uphold his findings.

JUDGMENT AFFIRMED.