(242 P.3d 1211)
No. 103,175

THE ESTATE OF LUKE A. NILGES, JO ANN NILGES, and WAYNE
NILGES, *Appellants*, v. SHAWNEE GUN SHOP, INC., d/b/a THE
BULLET HOLE, *Appellee*.

Opinion filed November 5, 2010.

*Randy W. James*, of James Legal Services, P.C., of Lee's Summit, Missouri, for appellants.

*Kelly A. Ricke*, of Fisher, Patterson, Sayler & Smith, LLP, of Overland Park, and *Anthony M. Pisciotti* and *Jeffrey M. Malsch,* of Pisciotti, Malsch & Buckley, P.C., of Florham Park, New Jersey, for appellee.

BEFORE GREENE, P.J., GREEN and STANDRIDGE, JJ.

GREEN, J.: This appeal arises out of the dismissal with prejudice of a wrongful death suit. The action was brought by Jo Ann Nilges and Wayne Nilges, the parents of Luke Nilges, deceased, and by Jo Ann Nilges as special administrator for Luke's estate (plaintiffs). The suit named as defendant a retail firearm and ammunition dealer: Shawnee Gun Shop, Inc., d/b/a The Bullet Hole (defendant). The plaintiffs' petition essentially alleged that the defendant negligently sold firearm magazines and ammunition to David Logsdon. The petition further alleged that Logsdon used the firearm magazines and ammunition to fatally shoot Luke.

Barely 1 month after the suit was initiated, the plaintiffs moved for dismissal of their suit without prejudice. The trial court, however, dismissed the plaintiffs' action with prejudice. The question in this appeal is whether the trial court abused its discretion in denying the plaintiffs' motion for an order dismissing their action without prejudice under K.S.A. 60-241(a)(2). We determine that because the defendant would have suffered no legal prejudice had the trial court sustained the plaintiffs' motion for an order dismissing their action without prejudice and because the trial court failed to obtain a result which was fair and equitable to the parties, the trial court abused its discretion in denying the motion. Accordingly, we reverse and remand with directions that the trial court vacate the judgment entered in this matter and enter an order dismissing the action without prejudice upon the terms and conditions as the court deems proper.

Luke and Leslie Noble Ballew were shot and killed by Logsdon during a shooting spree outside the Ward Parkway Shopping Center in Kansas City, Missouri, on April 29, 2007. On that date, Luke and Leslie were sitting in their separate cars outside the Ward Parkway Shopping Center when Logsdon shot and killed them. The plaintiffs and Leslie's parents, Carolee Noble and Leo Noble, each filed separate lawsuits against the defendant. They sought

damages against the defendant for the deaths of their children resulting from the defendant's allegedly negligent sale of the magazines and ammunition to Logsdon.

The plaintiffs alleged in their petition that a few days before the shooting, Logsdon purchased firearm magazines along with ammunition from the defendant. The plaintiffs' petition further implied that Logsdon purchased the previously mentioned items with a stolen credit card.

Before filing the present action, the plaintiffs and the Nobles filed their initial lawsuits in Jackson County, Missouri, on December 4, 2008. The defendant moved to dismiss the Missouri actions based on the lack of personal jurisdiction. The Missouri trial court sustained the motion and dismissed the plaintiffs' as well as the Nobles' actions for lack of personal jurisdiction over the defendant. Both the plaintiffs and the Nobles appealed the dismissal of their lawsuits to the Missouri Court of Appeals.

While the Missouri case was still pending, the plaintiffs filed this action on April 28, 2009, before the applicable 2-year statute of limitations for actions involving wrongful death and negligence expired. See K.S.A. 60-513(4) and (5). Moreover, the plaintiffs filed this lawsuit to preserve their rights under the Kansas savings provisions should their Missouri action fail for lack of personal jurisdiction over the defendant.

On May 28, 2009, the defendant filed an answer to the plaintiffs' petition. On that same date, the defendant moved to dismiss the plaintiffs' action under K.S.A. 60-212(b)(6). In its motion to dismiss, the defendant asserted that plaintiffs' petition failed to state a claim upon which relief may be granted. The next day, on May 29, 2009, the plaintiffs moved to dismiss their action without prejudice under K.S.A. 60-241(a)(2).

Meanwhile, as stated earlier, the Missouri trial court dismissed the plaintiffs' lawsuit for lack of personal jurisdiction. The Missouri dismissal occurred before the motion to dismiss for failure to state a claim was fully briefed and argued in the Kansas trial court. The Nobles' Missouri lawsuit was also dismissed for lack of personal jurisdiction. Like the plaintiffs, the Nobles also moved to voluntarily dismiss without prejudice their Kansas lawsuit pending the

outcome of their Missouri lawsuit. The Kansas judge in the Nobles' lawsuit allowed them to voluntarily dismiss their action. Nevertheless, the Kansas judge in the plaintiffs' action dismissed their lawsuit for failure to state a claim.

Since the Kansas trial court's dismissal of plaintiffs' action, the Missouri Court of Appeals has held that the Missouri trial court erred in dismissing both the plaintiffs' and the Nobles' lawsuits for lack of personal jurisdiction. *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364 (Mo. App. 2010).

Whether a voluntary dismissal should be granted under K.S.A. 60-241(a)(2) is within the sound discretion of the trial court. Unless the defendant will suffer some plain legal prejudice other than the prospect of a second action, the dismissal should be allowed. *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, 326, 469 P.2d 272 (1970).

K.S.A. 60-241(a)(2) states:

"(a) Voluntary dismissal; effect thereof.

. . . .

(2) *By order of court.* Except as provided in paragraph (1) of this subsection, an action shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper. . . . Unless otherwise specified in the order, a dismissal under the paragraph is without prejudice."

The essential question in this appeal is whether a dismissal without prejudice would have been prejudicial to the defendant.

In determining whether to grant a motion for voluntary dismissal by order of the court under K.S.A. 60-241(a)(2), Kansas courts have traditionally asked whether the defendant has suffered some "plain legal prejudice" other than the continuing prospect of a second suit on the same cause of action. See *Gideon*, 205 Kan. at 326 ("[T]he court should follow the traditional principle that dismissal be allowed unless the defendant will suffer some plain legal prejudice other than mere prospect of a second lawsuit."). Under this view, dismissal is more of a right of the plaintiff, subject to the impositions of reasonable conditions. See K.S.A. 60-241(a)(2) (A court's dismissal is subject to "such terms and conditions as the judge deems proper."). Moreover, the terms and conditions that a

trial court may impose on a dismissal initiated by a plaintiff prevent a defendant from being unfairly affected by the dismissal. *Cheek v. Hird,* 9 Kan. App. 2d 248, 251, 675 P.2d 935 (1984).

In addition, it is no bar to a voluntary dismissal under K.S.A. 60-241(a)(2) that the plaintiff may gain some tactical advantage by the dismissal. See *Gideon,* 205 Kan. at 326 ("It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. . . .").

Regarding plaintiffs' motion to dismiss without prejudice, the trial court stated:

"I think there is a prejudice, because—Here's why. If I dismiss it without prejudice, this matter is hanging out there. What you're going to probably have to do is obviously re-file it within six months. That's what our statute requires.

"What you're hoping is that you'll get some definition from the Missouri Court of Appeals within that period of time. That's like a snowball's chance in hell of occurring. It's not going to happen.

"What's going to happen is we're going to delay the process even longer.

"What you want to do is preserve your right to pursue this if all your arguments are intact and proper. You'd rather do it over in Missouri. If you can't do it over there, you want to make sure you keep your setting here."

The only alleged prejudice to the defendant that the trial court mentions is the possibility of the plaintiffs refiling their action within "six months." Prejudice does not automatically result to the defendant from the filing of a second lawsuit. See *Gideon,* 205 Kan. at 326.

Before granting a motion to dismiss under K.S.A. 60-241(a)(2), the court is to balance the interests of both the plaintiff and the defendant in the dismissal to obtain a result which will be fair and equitable under the circumstances of the case. *Gideon,* 205 Kan. at 327-28. The defendant stated in its brief in opposition to plaintiffs' motion for dismissal without prejudice that it would be prejudiced by a dismissal without prejudice in the following way:

"Dismissal of this litigation pending in Kansas based on plaintiffs' motion will deprive the defendant of an expeditious and efficient route to an early dismissal on the merits.

". . . If this case is dismissed without prejudice pursuant to K.S.A. [60]-241(a)(2), defendant would lose the ability to rely on K.S.A. 60-1902 and 60-1903 as affirmative defenses.

". . . Defendant will suffer legal prejudice because if the Court dismisses this action without prejudice and does not hear defendant's motion to dismiss, plaintiffs will be provided with an inordinate amount of time to prepare opposition to the arguments set forth in defendant's motion, as this motion will inevitably be filed or re-filed by defendant in the first court with competent jurisdiction over the defendant.

"Defendant has expended significant legal resources defending the jurisdictional claims in Missouri, the substantive claims in Kansas, and if plaintiffs' motion is granted, defendant will suffer further significant legal resources that can be avoided by this Court addressing defendant's pending motion to dismiss."

The previously mentioned grounds on which the defendant contends that it would be prejudiced are not a bar to a dismissal without prejudice. For example, in each of defendant's assertions of prejudice, it complains about a situation where plaintiffs may gain some tactical advantage. As stated previously, the fact that a plaintiff may gain some tactical advantage or a defendant may lose a defense is no bar to a dismissal without prejudice. See *Greenlee v. Goodyear Tire & Rubber Co.*, 572 F.2d 273, 275-76 (10th Cir. 1978) (Dismissal without prejudice was held to be proper even though plaintiff may have gained a tactical advantage and defendant may have lost the defense of a period of limitations.).

There do not seem to be any grounds on which the defendant could claim to be prejudiced in its substantial rights. First, this suit had not proceeded beyond the initial stages of action and was barely a month old when the plaintiffs sought voluntary dismissal of their action without prejudice. Second, the record shows that no counterclaim was advanced by the defendant against the plaintiffs. Third, the record further discloses that no discovery or pretrial conference had been conducted in this case.

Here, the trial court failed to balance the interests of both the plaintiffs and the defendant in the dismissal. In fact, the trial court implied that it was helping the plaintiffs by dismissing their action with prejudice:

"THE COURT: If I do dismiss your case, you have a right to appeal. You'll be able to get clarity on—under Kansas law. At the same time—It's going to probably take our Court of Appeals a lot longer than [the] Missouri Court of Appeals. You have not given anything up, and you're getting somebody to make a decision that has the authority to make a decision on something like this.

"No matter what happens, no matter what I do, you guys are going to appeal me. You might as well do it early on as opposed to later on and save yourselves both money.

"I'm doing it for obvious reasons, for the parties, and also because it just doesn't make any sense to do a dismissal without prejudice when I know a dismissal—if that's what I do, you'll have plenty of time. It tolls the statute."

Nevertheless, once the trial court granted the defendant's motion to dismiss the plaintiffs' suit for failure to state a claim, the defendant argued in the Missouri case that plaintiffs' action was now moot because it was barred by the doctrines of res judicata and collateral estoppel.

In addressing the defendant's res judicata and collateral estoppel arguments, the Missouri Court of Appeals stated that it could find "no other case with the unique timing issues":

"We have found no other case with the unique timing issues presented in the cases before us, where one lower-court dismissal (here, in Missouri), pending appeal, occurred prior to consideration of a motion to dismiss by a second trial court (Kansas), and then that second court's decision was held to bar reversal of the first trial-court's decision (Missouri), all while there was still a possibility that the second trial-court's decision could be reversed on appeal (Kansas).

"Further complicating matters is that the Kansas order, on which Gun Shop relies, only dismissed the Nilgeses' cause of action. The Nobles also brought an action in Kansas to preserve their rights under the Kansas savings statute, but the judge in their case allowed them to dismiss voluntarily, without prejudice. Accordingly, *res judicata*, or claim preclusion, would not apply as to the Nobles, who have never had a judgment on the merits issued against them. Also, although Gun Shop's brief mentions the term collateral estoppel, it is devoid of any argument or analysis as to how it could possibly apply to either plaintiff in this case. Because the Nobles' claims, at least, have not successfully been shown to be barred by *res judicata* or collateral estoppel, both affirmative defenses which must be properly pleaded, we find that this appeal is not moot and proceed to analyze whether personal jurisdiction exists over Gun Shop." *Noble*, 316 S.W.3d at 369.

It is clear that but for the Nobles' action being dismissed without prejudice in Kansas, the defendant's defensive use of res judicata in the Missouri action could have precluded the plaintiffs from ever litigating their lack of personal jurisdiction issue in the Missouri courts.

Here, the trial court failed to obtain a result which was fair and equitable to both the plaintiffs and the defendant. For example,

the trial court did not give the plaintiffs leave to amend their petition to allege an essential fact or a legal theory that may have been omitted from their petition. We have made no determination whether plaintiffs' petition is sufficient to state a claim for relief. We point out only that the trial court did not give the plaintiffs an opportunity to amend their petition, which had been filed only 31 days before the plaintiffs sought voluntary dismissal of their suit without prejudice. Moreover, the record shows that the defendant suffered no "plain legal prejudice" in this matter. *Patterson v. Brouhard*, 246 Kan. 700, 705, 792 P.2d 983 (1990). Finally, K.S.A. 60-241(a)(2) allows the trial court, in its discretion, to attach conditions to the order of dismissal, which prevents the defendant from being unfairly affected by a dismissal without prejudice.

Because the defendant will suffer no plain legal prejudice by the trial court dismissing the plaintiffs' action without prejudice and because the trial court failed to balance the equities of the parties, the trial court abused its discretion in dismissing plaintiffs' action with prejudice.

Reversed and remanded with directions.