NOT DESIGNATED FOR PUBLICATION

No. 122,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE WOODMONT COMPANY, AS RECEIVER
FOR WEST RIDGE MALL, LLC,
*Appellant*,

v.

WEST RIDGE PIZZA PUB, LLC, and JOHN PARKER,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed July 30, 2021. Affirmed in part, reversed in part, and remanded with directions.

*Meghan E. Lewis* and *Michele O'Malley*, of Sandberg Phoenix & von Gontard P.C., of Kansas City, Missouri, for appellant.

*Kelly J. Trussell* and *Vernon L. Jarboe*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe L.L.C., of Topeka, for appellees.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: West Ridge Mall, LLC (the Mall) sued West Ridge Pizza Pub, LLC (the Pub) and John Parker for breach of a lease. While the suit was pending, the Mall went into foreclosure and The Woodmont Company (Woodmont) was appointed receiver. After various delays Woodmont moved to continue on the day before trial. The district court denied Woodmont's motion to continue the trial, denied Woodmont's alternative motion to dismiss without prejudice, and granted the defendants' motion to dismiss the case with prejudice. Woodmont appeals. On appeal, Woodmont argues the

1

district court abused its discretion by denying its motion to continue, denying its motion to dismiss without prejudice, and granting the Pub's motion to dismiss with prejudice.

We conclude that the district court did not abuse its discretion in denying the motion to continue the trial. But the district court failed to make the necessary findings for us to conduct a meaningful appellate review on its decisions to deny the motion to dismiss without prejudice and to grant the opposing motion to dismiss with prejudice. Accordingly, we reverse the dismissals and remand to the district court for reconsideration after making the necessary findings of fact.

FACTUAL AND PROCEDURAL BACKGROUND

November 2014—The Pub and the Mall entered into a lease of premises at the mall. Parker executed a guaranty of the lease.

November 2015—The Pub and the Mall entered into an amended lease agreement for premises within the Mall.

January 2018—The Pub closed its business at the Mall.

February 2018—The Mall declared the Pub to be in default of the lease for nonpayment of rent and utilities.

April 2018—The Pub turned over its keys to the premises to the Mall.

May 4, 2018—The Mall sued the Pub for breach of the lease by failing to pay the minimum annual rent, the percentage rent, and the utility charges for four months. The Mall also named Parker as a defendant on his guaranty. The Mall sought judgment of $848,879 plus attorney fees, costs, and interest.

2

June 22, 2018—The defendants filed their answer, claiming, among other things, that the plaintiff's prior breach of the lease excused the defendants' performance.

June 25, 2018—The court set a pretrial conference for July 24, 2018.

July 23, 2018—By agreement of the parties, the pretrial conference was rescheduled for August 28, 2018.

August 28, 2018—The court continued the pretrial conference to November 20, 2018, because of a possible settlement.

August 31, 2018—The parties exchanged written discovery responses.

November 20, 2018—By agreement of the parties, the pretrial conference was continued further to January 29, 2019.

December 2018—The Mall deposed the Pub's corporate representative and guarantor Parker.

January 29, 2019—Again by consent of the parties, the pretrial conference was continued to March 19, 2019, due to settlement negotiations and the defendants' request for a deposition of plaintiff's representative.

March 19, 2019—The court noted that discovery was ongoing. The court set a trial date of May 8, 2019.

May 1, 2019—The Mall moved to continue the May 8th trial because of the parties' settlement negotiations and plaintiff's corporate representative had not yet been

deposed. The Pub and Parker consented to the requested continuance. (There is no record of the district court taking action on this motion but it apparently did so.)

May 2, 2019—The defendants noticed up the deposition of Dale Anderson, a representative of the Mall. That same day, Wells Fargo Bank (the Bank) filed a foreclosure action against the Mall and requested the appointment of Woodmont (Woodmont) as receiver for the Mall. The foreclosure covered the Mall's real estate, which was mortgaged to the Bank along with the Mall's personal property and its rents and leases which also secured the mortgage.

May 9, 2019—The court appointed Woodmont as receiver for the Mall.

June 1, 2019—The court gave notice that the case will be dismissed for lack of prosecution on September 1, 2019.

August 30, 2019—Apparently in response to the dismissal notice, the Mall filed a notice of trial setting on October 3, 2019.

September 4, 2019—Woodmont as the receiver for the Mall was substituted for the Mall as the party-plaintiff in this action on the Pub's lease.

September 24, 2019—The parties agreed to a continuance of the October 3rd trial setting because of mutual conflicting settings.

October 7, 2019—The Bank obtained a foreclosure judgment against the Mall. The Bank apparently took over the Pub's lease and placed it in its Wells Fargo Holding Company.

November 1, 2019—The court again gave notice that the case was to be dismissed for lack of prosecution on February 1, 2020.

November 22, 2019—Apparently in response to the dismissal notice, the action on the Pub's lease was reset for trial at 9 a.m. on Thursday, January 16, 2020.

December 10, 2019—A new entity, Wanamaker Road LLC, bought the foreclosed property and the Mall's interest in leases of mall property, apparently including the Mall's now defaulted lease to the Pub.

January 9, 2020—During the week before trial, Woodmont's counsel contacted defense counsel and explained that she may need to move for a continuance if she could not determine who would appear at trial as the plaintiff's corporate representative.

January 15, 2020—On Wednesday before the Thursday trial setting, Woodmont, as receiver for the Mall, requested a 30-day continuance of the trial. Woodmont stated it needed to substitute the current owner of the Pub's lease as the proper party plaintiff, and neither the Bank nor Wanamaker Road LLC had given authority for one of them to be substituted as the real party in interest to replace Woodmont. The defendants filed their objections to a continuance, setting forth the arguments later made in court at the January 16th hearing. They also argued that Woodmont could have requested a continuance sooner, rather than waiting until the day before trial.

January 16, 2020—The parties appeared on the appointed trial date, at which time counsel for Woodmont addressed its motion for a continuance:

"[T]he mall was placed in a receivership last year and we have been—I have been functioning at the request of the receiver to continue to prosecute this case. Now that Wells Fargo, the lender that brought the foreclosure action has obtained judgment in its

5

case and completed the foreclosure, West Ridge Mall LLC no longer owns or controls not only the property, but also the lease hold interest. Those have been taken back by Wells Fargo and its holding company that is retaining that asset.

"The receivership has not been terminated, but at this time it doesn't have authority to act with regard to the lease because the lease has been taken back by Wells Fargo. So I do not have a corporate representative for the new entity because at this time I'm not sure who the correct entity is to stand in the shoes as the landlord with regard to that lease.

. . . .

". . . I have been in constant contact with the receiver. The receiver is managing the transfer of these assets and he has been trying to get the correct people to engage with this. I don't want to minimize the affect [*sic*] of this case because obviously we have a defendant who has a strong interest in what happens here. But I think for the new entity, this may be not the most highly important thing at the moment for them in taking over the new—taking over the mall."

Counsel stated that her efforts to arrange for a substituted plaintiff had been ongoing since December 20, 2019, when she learned the property had been transferred to a new entity. She contacted the receiver to find out who should be substituted but due to the intervening holidays she had not been able to get a response. Counsel requested a 30-day continuance "to ferret this out and either make the substitution or dismiss the case." She stated that if the continuance is not granted, she requested that the court dismiss the case at plaintiff's request under K.S.A. 2020 Supp. 60-241(a)(2) and without prejudice. But she acknowledged the correctness of the court's assumption that she "probably notified the then potential clients that it may be a dismissal or under 241(b) with prejudice because a trial was set."

Counsel for the Pub and for Parker objected to any continuance. She stated that her clients had consented to two previous continuances in order for the plaintiff to work through the bankruptcy, receivership, and foreclosure. (We find nothing in the record regarding this bankruptcy—presumably of the Mall—or when it occurred.) Counsel

6

stressed the expense the defendants had incurred in defending this case, which had been pending for about two years. She said that during the prior week "[w]e've been in communication with plaintiff's counsel trying to determine whether a Motion to Continue was going to happen, whether we need to fly [Parker] in." When no motion was filed, Parker flew in from North Bend, Washington, for trial. Witnesses had arranged to come to Topeka that day from Lawrence and Kansas City, and the defendants were "ready to go." Counsel concluded, "if we're going to continue we have to ask for our cost and expenses to be paid."

After hearing the arguments of counsel, the court denied plaintiff's motion to continue the trial, stating:

> ". . . This matter was scheduled by the Court's order on November 22, 2019, for today, January 16, 2020. It was scheduled as a court trial. Back in September, by an order of September 4, 2019, the Court did grant the Motion to Substitute the receiver as the party of [*sic*] interest. The matter has been scheduled, the Motion to Continue the matter was filed yesterday.

> "Counsel explained the dilemma in trying to find someone to step forward, to be the client, it's a somewhat complicated circumstance. But no one has surfaced and it may be a matter that was small in the view of Wells Fargo or the LLCs view. Nonetheless, there has been a trial setting, the defendants have appeared today to defend. The Court has had the matter on the books for a couple of months anticipating the matter would be tried today. With all those factors taken into consideration, the Court is going to deny the Motion to Continue."

When the court asked the plaintiff's counsel if she was ready to proceed with the trial, she responded that she was not. At that point she moved to dismiss without prejudice under K.S.A. 2020 Supp. 60-241(a)(2). Defense counsel responded that the defendants were ready for trial, and she asked that "judgment either be entered in favor of the defendant[s], or would be dismissed with prejudice." The court denied plaintiff's

7

motion to dismiss without prejudice and granted the defendants' motion to dismiss with prejudice under K.S.A. 2020 Supp. 60-241(b).

The district court's Journal Entry of Dismissal With Prejudice, filed January 28, 2020, simply refers to the district court's ruling from the bench on January 16, 2020, without any further explanation or findings.

Woodmont's appeal followed.

ANALYSIS

Woodmont argues the district court erred in (1) denying its motion to continue, (2) denying its motion to dismiss without prejudice, and (3) granting the Pub's motion to dismiss with prejudice.

*Woodmont's Motion for a Continuance*

Woodmont contends that the district court erred when it denied its motion to continue the trial setting because Woodmont "presented good cause for a 30-day continuance of the trial proceedings." Moreover, Woodmont "diligently attempted to confirm the new purchaser, obtain authority to pursue the action at trial, and verify the identity and availability of corporate witnesses."

Under K.S.A. 2020 Supp. 60-240(b) a district court "[f]or good cause . . . may continue an action at any stage of the proceedings on just terms." In considering this claim we apply the abuse of discretion standard to determine whether the district court abused its discretion in denying Woodmont's motion for a continuance. K.S.A. 2020 Supp. 60-240(c)(3) (The grant or denial of a continuance "is discretionary in all cases."); *Miller v. Glacier Development Co.,* 284 Kan. 476, 493-94, 161 P.3d 730 (2007).

8

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). Woodmont does not argue the district court made an error of law or fact but contends the district court abused its discretion because it acted "arbitrarily and capriciously," the standard expressed in *Fouts v. Armstrong Commercial Laundry Distributing Co.*, 209 Kan. 59, 65, 495 P.2d 1390 (1972).

Woodmont bears the burden of showing that the district court abused its discretion in denying the motion for a continuance. See *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017). The district court's judgment "'will not be disturbed on appeal in the absence of a clear showing of abuse.'" *Fouts*, 209 Kan. at 66.

While the district court has broad discretion under K.S.A. 2020 Supp. 60-240, that discretion is not unfettered. The *Fouts* court stated:

> "We view with grave concern the denial of a continuance where the effect for all practical purposes deprives a party of his day in court. In ruling on a motion for continuance under such conditions a court must consider all circumstances, particularly such matters as the applicant's good faith, his showing of diligence, and the timetable of the lawsuit. Discretion is to be exercised in a sound legal manner and not arbitrarily or capriciously."
> 209 Kan. at 65.

K.S.A. 2020 Supp. 60-240 governs the district court's authority "in the assignment of cases for trial, calendar control and granting of continuances at any stage of the proceedings." *Fouts*, 209 Kan. at 64. The *Fouts* court characterized the district court's discretion in these matters as "broad" and noted the appellate courts have "seldom disturbed a trial court's ruling on a matter for continuance." 209 Kan. at 64. The appellant in *Fouts* could cite none in which the court set aside a continuance and neither does

9

Woodmont in our present appeal. We find Kansas decisions in appeals of civil cases in which denial of a trial continuance was reversed but none addresses the circumstances presented in this case so as to be of any particular help.

The Time Standards set forth in the Supreme Court Rules for district courts include the following:

" (2) any civil case which has been pending for more than one-hundred-eighty (180) days shall be of special concern to the trial judge and should ordinarily be given priority in all trial settings.

"(3) The trial judge to whom cases are assigned should be responsible for the disposition of those cases and should, so far as reasonably possible, bring them to trial or final disposition in conformity with the following median time standards:

*Civil Cases*

"*Chapter 61 Cases—*to final disposition, within a median time of sixty (60) days from date of filing." Rules Relating to District Courts, Time Standards (2021 Kan. S. Ct. R. 89).

Here, the case was filed as a limited action in May 2018. The issues were not complex. There was no crossclaim or counterclaim. The case had been on file for over 20 months. The original pretrial conference had been rescheduled four times. Aside from the delays due to settlement negotiations, discovery was delayed due to the plaintiff's inability to produce a corporate representative to be deposed. In fact, it appears that the plaintiff's corporate representative was never produced for a deposition. The case had twice been noticed up for dismissal for failure to prosecute.

Wanamaker Road LLC purchased the Mall's interest in the Pub's lease in December 2019. We find it fair to assume that the buyer would have exercised some due diligence in determining what it was purchasing. Doing so surely would have disclosed that Woodmont had been serving as the receiver charged with collecting on the assets of

10

the defunct Mall, including the Pub's lease; that litigation was pending over this newly acquired lease asset; and that in acquiring the lease, the receiver's interest in the litigation passed to the buyer.

When she first learned of the sale on December 20, 2019, counsel for Woodmont repeatedly and diligently contacted her client in order to identify the current real party in interest in the pending suit and to identify the corporate representative who would appear at trial. As she later explained to the court, Woodmont "has been trying to get the correct people to engage with this." She made it known that the case could be dismissed with prejudice if the plaintiff was not prepared to proceed at the upcoming trial. She opined that her failure to get a response may be due to the fact that this case may not be "the most highly important thing at the moment for [the buyer] in taking over the new—taking over the mall."

Woodmont's counsel alerted defense counsel a week before trial of the problem she was having with her client's lack of attention and cooperation. But she failed to alert the district court to the problem until the day before trial.

We review the district court's action for any abuse of the "broad" discretion district courts are afforded in these matters. It certainly would not have been unreasonable to grant a mere 30-day continuance predicated upon the plaintiff paying for the defendants' time and expense in trial preparation and travel. But applying the abuse of discretion standard, we cannot say that under the circumstances in this case the district court's action in denying a continuance was arbitrary, fanciful, or unreasonable. The district court agreed to various continuances of pretrial proceedings and the trial, in spite of the rather straightforward nature of the issues. The court was charged with the efficient management of its docket. It had set aside time for the trial of this case and only found out about the plaintiff's issue the day before trial. It did not abuse its discretion in denying Woodmont's last-minute motion for a continuance.

*The District Court's Order of Dismissal*

The district court was confronted with opposing motions to dismiss. Woodmont moved to dismiss without prejudice. The defendants moved to dismiss with prejudice. Woodmont contends the district court abused its discretion in denying Woodmont's oral motion to dismiss without prejudice because the court "failed to apply the appropriate principles to the undisputed facts and circumstances before it and failed to find [the Pub] and Parker would be subjected to plain 'legal prejudice' so as to bar [Woodmont's] voluntary dismissal."

Woodmont orally moved for voluntary dismissal under K.S.A. 2020 Supp. 60-241(a)(2), which allows for the dismissal of a plaintiff's action by order of the court, subject to "terms that the court considers proper." K.S.A. 2020 Supp. 60-241(a)(2). Whether a motion to voluntarily dismiss should be granted is within the sound discretion of the district court. *Patterson v. Brouhard*, 246 Kan. 700, 705, 792 P.2d 983 (1990). Woodmont bears the burden of showing such abuse of discretion. See *Gannon*, 305 Kan. at 868.

To determine whether to grant a motion for voluntary dismissal under K.S.A. 2020 Supp. 60-241(a)(2), Kansas courts have traditionally asked whether the defendant has suffered some "plain legal prejudice" other than the continuing prospect of a second suit on the same action. *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, 326, 469 P.2d 272 (1970). Allowing the court to condition the terms of a voluntary dismissal helps to alleviate any prejudice that may be suffered by the defendant. See *Cheek v. Hird*, 9 Kan. App. 2d 248, 251, 675 P.2d 935 (1984). "Under this view, dismissal is more of a right of the plaintiff, subject to the impositions of reasonable conditions." *Estate of Nilges v. Shawnee Gun Shop, Inc.*, 44 Kan. App. 2d 905, 908, 242 P.3d 1211 (2010). The *Nilges*

12

panel proffered "[t]he essential question in this appeal is whether a dismissal without prejudice would have been prejudicial to the defendant." 44 Kan. App. 2d at 908.

Before granting a motion to dismiss, the court is required to "weigh the equities of the case and the rights of the parties bearing in mind the benefits or injuries which may result to the respective sides in the controversy if a dismissal is granted." *Cheek*, 9 Kan. App. 2d at 251 (citing *Gideon*, 205 Kan. at 327-28). The "mere prospect" of another lawsuit is not sufficient to deny plaintiff's motion. *Gideon*, 205 Kan. at 326. Nor is it a requirement that the motion be denied if "plaintiff may obtain some tactical advantage." 205 Kan. at 326.

Finally, in deciding whether a plaintiff's motion to voluntarily dismiss should be granted, the district court is required to "consider whether the dismissal would be conducive to the fair administration of justice; whether undue expense, inconvenience, or prejudicial consequences to defendants would be involved; and whether reasonable terms and conditions are just to the rights of the defendants." *Patterson*, 246 Kan. at 706.

Woodmont moved to dismiss without prejudice if its motion for a continuance was denied.

> "THE COURT: Are you making a motion today to dismiss?
>
> "[PLAINTIFF'S COUNSEL]: Your Honor, I would ask in the alternative, if you we—if a stay or continuance of the trial can not be given, that we be dismissed under 241(a)(2) upon my—upon plaintiffs, West Ridge Mall, LLC and the receivers request to dismiss the case without prejudice in the event that the new entity would elect to proceed on this on its own independently. The statute of limitations has not run, so that claim would remain out there if there was an entity that elected to prosecute it."

After denying Woodmont's motion for a continuance, the court took up Woodmont's motion to dismiss under K.S.A. 2020 Supp. 60-241(a)(2).

> "THE COURT: . . . Are you ready to proceed with the trial?
>
> "[PLAINTIFF'S COUNSEL]: Your Honor, no. At this time I would move the Court to dismiss the case under [K.S.A.] 60-241(a)(2). There is no counter claim filed in this case and I believe the Court would have authority to dismiss under that statute.
>
> "THE COURT: [Defense counsel]?
>
> "[DEFENSE COUNSEL]: Your Honor, the defendants are ready to proceed with trial today. And so we would ask that judgment either be entered in favor of the defendant, or would be dismissed with prejudice.
>
> "THE COURT: The Court is going to grant the Defendant's Motion to Dismiss With Prejudice, under K.S.A. 60-241(b) and the Court will deny the Motion to Continue and the Motion to Dismiss Without Prejudice made by the plaintiff. Costs will be assigned to the plaintiff."

The grounds supporting a motion to dismiss under K.S.A. 2020 Supp. 60-241(a)(2)—the motion the plaintiffs made and which the court denied—focus on the element of prejudice. To expand on our prior reference the *Nilges*, the court stated:

> "In determining whether to grant a motion for voluntary dismissal by order of the court under K.S.A. 60-241(a)(2), Kansas courts have traditionally asked whether the defendant has suffered from plain legal prejudice other than the continuing prospect of a second suit on the same cause of action. Under this view, a voluntary dismissal is more of a right of the plaintiff, subject to the imposition of reasonable conditions. Moreover, the terms and conditions that a trial court may impose on a dismissal initiated by the plaintiff prevent the defendant from being unfairly affected by the dismissal." 44 Kan. App. 2d 905, Syl. ¶ 2.

14

In denying Woodmont's motion to dismiss without prejudice under K.S.A. 2020 Supp. 60-241(a)(2), the court made no reference to the issue of prejudice. In fact, it made no findings whatsoever. In its consideration of Woodmont's prior motion for a continuance the court noted that "there has been a trial setting, the defendants have appeared today to defend." The court made no reference to the statement of defense counsel:

> "My client has gone to pretty considerable expense to defend this case. He has cooperated with a deposition, he flew in for that. He has flown in today for the trial and that wasn't us being stubborn in trying to force anyone's hand. . . .

> "We've got witnesses that are—that have made arrangements with work, they've made arrangements to travel here from Kansas City, from Lawrence. We're ready to go and this has been ongoing. It's been two years. And quite frankly, we're just at the point that if we're going to continue we have to ask for our cost and expenses to be paid."

Nor did the court give any consideration to predicating a dismissal under K.S.A. 2020 Supp. 60-241(a)(2) on the payment of the defendants' time and expense in defending the case and preparing for trial. Rather, the district court dismissed this case under K.S.A. 2020 Supp. 60-241(b)(1), which provides:

> "If the plaintiff fails to prosecute or to comply with this chapter or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this paragraph and any dismissal not under this section, except one for lack of jurisdiction, improper venue or failure to join a party under K.S.A. 60-219, and amendments thereto, operates as an adjudication on the merits."

Appellate courts review a district court's dismissal under K.S.A. 2020 Supp. 60-241(b)(1) using the abuse of discretion standard we described earlier. See *Biglow*, 308 Kan. at 893.

15

The law favors the trial of claims on the merits. *Sharp v. Sharp*, 196 Kan. 38, 41-42, 409 P.2d 1019 (1966). Thus, although K.S.A. 2020 Supp. 60-241(b) provides district courts with the statutory authority to dismiss a suit for failure to prosecute, "dismissal of a suit is a sanction generally reserved for extreme cases." *Namelo v. Broyles*, 33 Kan. App. 2d 349, 356, 103 P.3d 486 (2004).

When reviewing whether the circumstances of the case would warrant a dismissal, Kansas courts are to consider three factors: "'(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.'" *Namelo*, 33 Kan. App. 2d at 356 (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 [10th Cir. 2002]); see *Wilson v. Larned State Hosp.*, No. 112,193, 2016 WL 1079453, at *3 (Kan. App. 2016) (unpublished opinion) (adopting three factors for reviews of dismissals with prejudice).

Here, the district court did not provide any analysis of the *Namelo* factors in arriving at its decision. Because the district court's decision was the product of its exercise of judicial discretion, we will not substitute our view of the propriety of the district court's actions without those findings, which the district court is singularly empowered to make. Accordingly, we reverse the district court's rulings on the competing motions to dismiss and remand for the district court to make findings of fact before re-exercising its discretion in ruling on these motions.

Affirmed in part, reversed in part, and remanded with directions.

16